**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Involuntary Chapter 11 |
| | : | |
| Vascular Access Centers, L.P., | : | Case No. 19-17117 (AMA) |
| | : | |
| Alleged Debtor. | : | |
| | : | |

**ANSWER AND CONSENT OF**
**ALLEGED DEBTOR VASCULAR ACCESS CENTERS, L.P.**
**TO INVOLUNTARY PETITION**

Alleged Debtor Vascular Access Centers, L.P. ("VAC"), by and through its undersigned attorneys[1], hereby answers and consents to the Involuntary bankruptcy petition filed in this matter as follows:

**I.    Background**

    **A.    The Involuntary Petition**

On or about November 12, 2019, an involuntary Chapter 11 petition (the "Petition") was filed against VAC by Philadelphia Vascular Institute, LLC ("PVI"), Metter & Company ("Metter"), and Crestwood Associates, LLC ("Crestwood") (collectively, the "Petitioning Creditors").

The Petitioning Creditors allege in the Petition that they hold claims in the following amounts:

---

[1] Dilworth Paxson LLP has been engaged as counsel to VAC by its General Partner, Vascular Access Centers, LLC, for the purpose of consenting to the Involuntary Petition and reorganizing VAC's business through a Chapter 11 proceeding. Dilworth was in the process of preparing the necessary documents and pleadings to commence a voluntary Chapter 11 case on VAC's behalf when the instant involuntary case was filed.

121215448_2

| Creditor | Nature of Claim | Amount Asserted |
|---|---|---|
| PVI | Various loans to VAC that are secured by VAC's receivables and certain other assets | $1,202,120 |
| Metter | Outstanding fees owed for accounting services | $11,911.25 |
| Crestwood | Outstanding invoices for sale of software | $6,090.00 |

**B.     Monitor Reports**

On December 19, 2018, The Court of Common Pleas of Delaware County, Pennsylvania, in a derivative case involving VAC (pending at 2016-000376), appointed an independent monitor to perform a financial evaluation of the partnership. The independent monitor is Michael F. Dubin, CPA. On July 3, 2019, the monitor issued his first report on VAC's financial condition and solvency. The report found, among other things:

- VAC's "financial condition is precarious and tenuous."

- VAC is in "poor financial health."

- VAC's "liabilities substantially exceed assets"

- There was $22.5 million of negative equity as to the owners of VAC.

- "Cash flow is challenging to say the least."

- The causes of this financial condition are changes in Medicare reimbursements, the costs of the derivative litigation in Delaware County and certain litigation with the US Department of Justice and the related settlement.

The monitor observed that VAC had initiated significant cost reductions and operational changes, but needed new capital to return to financial health. On October 12, 2019, the monitor issued a second report with similar findings, noting that VAC's "financial condition continues to deteriorate."

**II.     VAC Consents to the Order For Relief.**

Prior to the Petitioning Creditors initiating this case, VAC, through its General Partner, was in the process of preparing to initiate a voluntary Chapter 11 case. The General Partner has determined that the fiduciary duties of VAC to its creditors, and the need to raise new capital requires bankruptcy relief. A resolution of the General Partner is attached hereto as Exhibit A and incorporated herein.

Accordingly, VAC consents to the entry of an order for relief in this case and will comply with the requirements of the Bankruptcy Code to reorganize its business through Chapter 11.

**A.    Requirements For Involuntary Bankruptcy Relief With Respect to Petitioning Creditors**

11 U.S.C. §303(b) provides in pertinent part as follows:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title –
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $16,750 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims.

11 U.S.C. § 303(b)(1). The burden is on the petitioning creditors to establish each of the requirements of Section 303(b)(1). E.g., In re Mylotte, David & Fitzpatrick, No. 07-11861bif, 2007 WL   In re Downstate News Group, Inc., No. 05-95549, 2006 WL 1520267, at *1 (Bankr. C.D. Ill. May 31, 2006)

Under Section 303(b)(1), the claims of three petitioning creditors must not be contingent or the subject of a bona fide dispute. Section 303(b) was amended in 2005 to provide that a bona fide dispute may be as to liability or as to the amount of the claim. E.g., In re DSC Ltd., No. 05-72779, 2006 WL 800709, at *8 (E.D. Mich. Mar. 28, 2006).

VAC has reviewed its records regarding the claims of the Petitioning Creditors and believes that it is liable to those creditors in the amounts asserted.

**B.      Requirements for Involuntary Bankruptcy Relief with Respect to the Debtor's Non-Payment of Debts.**

Further, 11 U.S.C. § 303(h) provides that:

> (h)    If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if –
>
> (1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount; or
>
> (2) within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

11 U.S.C. § 303(h).

While the monitor has been appointed to provide an independent evaluation of VAC's financial condition, the monitor is not a custodian and has not been authorized to take possession of VAC's business. Due to VAC's current financial condition, however, VAC has had to borrow monies in order to pay its obligations to its most critical suppliers, employees and others. VAC has had to discontinue making payments to creditors and, as a result, has had a default judgment entered against it by one creditor and was recently served with a newly filed lawsuit as a result of VAC's inability to pay its ongoing obligations as they come due. VAC is concerned that its failure to timely meet its obligations is having a negative effect on its ability to remain operational.

### III.  Conclusion

For all of the foregoing reasons, VAC respectfully consents to the entry of an order for relief and commits to reorganizing its business through the Chapter 11 process.

Date: November 13, 2019

Respectfully submitted,

/s/ Lawrence G. McMichael

Lawrence G. McMichael
Anne M. Aaronson
Jesse N. Silverman
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Phone: (215) 575-7000
Facsimile: (215) 575-7200

Attorneys for Alleged Debtor

121215448_2