# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Vascular Access Center, L.P., | : Case No. 19-17117 (AMC) |
| | : |
| Debtor. | : |
| | : |

## ORDER AUTHORIZING RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[1] of Debtor Vascular Access Center, L.P. (the "Debtor") for the entry of an order authorizing the Debtor to retain and compensate certain professionals utilized in the ordinary course of its business; it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is granted as set forth herein.

2. The Debtor is authorized, but not required, to retain and pay reasonable fees and expenses for the services of various professionals in the ordinary course of its business (each, an "OCP" and, collectively, the "OCPs").

3. The procedures for the retention and compensation of OCPs set forth on **Exhibit 1** (the "OCP Procedures") attached hereto are hereby approved.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

121312424_2

4. The form of declaration set forth on **Exhibit 2** attached hereto is hereby approved.

5. To the extent that any OCP seeks monthly compensation in excess of the OCP Cap, such OCP shall be required to seek approval for payment in accordance with the OCP Procedures governing the same. Notwithstanding the foregoing, any unused portion of the capped amount from preceding months may be carried forward to subsequent months.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Philadelphia, Pennsylvania
Feb. 24 , 20

_____
ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

2

121312424_2

**Exhibit 1** (to Order)

[OCP Procedures]

121312424_2

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Vascular Access Center, L.P., | : Case No. 19-17117 (AMC) |
| | : |
| Debtor. | : |
| | : |

## RETENTION AND COMPENSATION
## PROCEDURES FOR ORDINARY COURSE PROFESSIONALS

The following procedures (the "OCP Procedures") shall govern the retention of professionals retained by Debtor Vascular Access Center, L.P. (the "Debtor") in the ordinary course of business (each, an "OCP"):[1]

    a.    Each OCP shall file with the Court and serve a declaration (each, a "Declaration") substantially in the form attached hereto as **Exhibit 2** upon: (i) Vascular Access Center, L.P., 2929 Arch Street, Suite 1705, Philadelphia, PA 19104, Attn: Mark Tucci (ii) Dilworth Paxson LLP, 1500 Market Street Suite 3500E, Philadelphia, PA 19102, Attn: Anne Aaronson; (iii) William Gardner, c/o Joseph Argentina and Rick Coe, Faegre Drinker Biddle & Reath LLP, One Logan Square, Suite 2000, Philadelphia, PA 19103; joseph.argentina@faegredrinker.com and Richard.coe@faegredrinker.com; (iv) the Office of the United States Trustee for the Eastern District of Pennsylvania; (v) counsel for the petitioning creditors; and (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 2014-1(a) (collectively, the "Notice Parties").

    b.    The Notice Parties shall have fourteen (14) days after the filing and service of a Declaration to object to the retention of the OCP filing such Declaration (the "Objection Deadline"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be resolved within ten (10) days after the Objection is filed, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtor at the next regularly scheduled hearing date that is no less than twenty-one (21) days from that date or on a date otherwise agreeable to the parties. The Debtor shall not be authorized to retain and pay such OCP until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

    c.    If no objection with respect to an OCP is received from any of the Notice Parties by the Objection Deadline, then the Debtor shall be authorized to

---

[1] Except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtor pursuant to separate orders of the Court.

        retain and pay that OCP in accordance with these OCP Procedures.

d.     The Debtor is authorized to retain an OCP and pay such OCP, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtor after such OCP: (i) files with the Court and serves upon the Notice Parties a Declaration for which the Objection Deadline lapses and no objections are pending; and (ii) submits to the Debtor an invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided that, while this Chapter 11 Case is pending, the OCP's fees, excluding costs and disbursements, do not exceed $50,000 per OCP per month, and $200,000 in the aggregate (the "OCP Cap").

e.     If an OCP exceeds the OCP Cap, on or before the final day of the month following the month for which compensation is sought, the relevant OCP shall submit a monthly statement (each, a "Monthly Statement") to the Notice Parties; provided, however, the Debtor may pay such OCP the amount of the OCP Cap for the month at issue. The Monthly Statement shall include reasonably detailed invoices indicating the nature of the services rendered with fees and expenses calculated in accordance with such OCP's standard billing practices.

f.     The Notice Parties shall have fourteen (14) days after the service of a Monthly Statement to object to the fees requested therein (the "Fee Objection Deadline"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Fee Objection Deadline. If an objection cannot be resolved within ten (10) days after the Fee Objection Deadline, then the OCP whose Monthly Statement was objected to will be required to submit a formal application for compensation to the Court for the disputed fees and expenses and the matter shall be scheduled for a hearing by the Debtor at the next regularly scheduled hearing date that is no less than twenty-one (21) days from that date or on a date otherwise agreeable to the parties. If no objection to a Monthly Statement is received on or before the Fee Objection Deadline, the Notice Parties will be deemed to have waived their right to object and the Debtor shall be authorized to pay the amounts in such Monthly Statement.

g.     At three-month intervals during the pendency of this Chapter 11 Case (each, a "Quarter"), the Debtor shall file with the Court and serve on the Notice Parties, no later than thirty (30) days after the close of such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP.

2

121312424_2

      h.    The Debtor reserves the right to retain additional OCPs from time to time during this Chapter 11 Case by: (i) including such OCPs on an amended version of **Exhibit B** attached to the Motion that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

**EXHIBIT 2 (TO ORDER)**
[Form of Declaration]

121312424_2

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Vascular Access Center, L.P., | : Case No. 19-17117 (AMC) |
| | : |
| Debtor. | : |
| | : |

**DECLARATION OF [OCP] IN SUPPORT OF
RETENTION AS ORDINARY COURSE PROFESSIONAL**

_____ being duly sworn, upon **[his/her]** oath, deposes and says:

1. I am a _____ of _____, located at _____ (the "Company").

2. The above-captioned debtor and debtor in possession (the "Debtor") has requested that the Company provide **[describe services]** to the Debtor and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to this Chapter 11 Case, for persons that are parties in interest in this Chapter 11 Case. The Company does not, and shall not, perform services for any such person in connection with this Chapter 11 Case or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtor or its estate.

4. The services previously performed and to be performed by the Company do not relate to the Debtor's bankruptcy case and generally fall outside of the scope of Section 327 of the Bankruptcy Code. Specifically, the Company's services are not sought as a result of the Chapter 11 Case nor in furtherance of the administration of the Debtor's bankruptcy estate. Rather, the Company will provide services in connection with the Debtor's ongoing operations.

121312424_2

The Company is a non-bankruptcy professional.

5. As part of its customary practice, the Company is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be retained by the Debtor, claimants and parties in interest in this Chapter 11 Case.

6. Neither I nor any principal, partner, director or officer of, or professional retained by the Company, insofar as I have been able to ascertain, has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Company.

7. Neither I nor any principal, partner, director or officer of, or professional retained by, the Company, holds or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which this Company is to be retained.

8. The Debtor owes the Company [$_____] for pre-petition services, the payment of which is subject to limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

9. **[As of the Petition Date, the Company was party to an agreement for indemnification by the Debtor, attached hereto as <u>Exhibit A</u> to this Declaration.]**

10. The Company is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20__

By: _____
Name: _____

3

# EXHIBIT A (TO DECLARATION)
[Engagement Agreement]