## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>VASCULAR ACCESS CENTERS, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-17117-AMC |

**APPLICATION OF CHAPTER 11 TRUSTEE PURSUANT TO SECTIONS 105(a), 361, 363, 507(b) AND 553 OF THE BANKRUPTCY CODE AND LOCAL BANKRUPTCY RULE 9013-3 GRANTING THE UNITED STATES OF AMERICA ADEQUATE PROTECTION WITH RESPECT TO THE QUARTERLY SETTLEMENT PAYMENT DUE OCTOBER 1, 2020**

Stephen V. Falanga, the chapter 11 trustee (the "Trustee") of the above-captioned debtor, Vascular Access Centers, L.P. (the "Debtor"), hereby submits this application (the "Application") pursuant to sections 105(a), 361, 363, 507(b) and 553 of title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 9013-3 for authorization to enter into the proposed Stipulation and Consent Order attached hereto as Exhibit A (the "Consent Order") granting the United States of America (the "United States") adequate protection with respect to the quarterly settlement payment due to the United States on October 1, 2020 pursuant to that certain prepetition Stipulation and Order of Settlement and Dismissal entered into by and among the Debtor, certain subsidiary and/or related corporations of the Debtor (collectively, the "VAC Centers")[1] and the United States (the "DOJ Settlement") and the terms of that certain Stipulation and Consent Order

---

[1] The currently active VAC Centers are as follows: Vascular Access Center of Atlantic County, LLC; Vascular Access Center of Central Jersey, LLC; Vascular Access Center of Bolivar County, LLC; Vascular Access Center of West Orange, LLC; Vascular Access Center of Pittsburgh, LLC; Vascular Access Center of North Shore Louisiana, LLC; Vascular Access Center of New Orleans, LLC; Vascular Access Center of Southern Maryland, LLC; and Vascular Access Center of Memphis, LLC.

1

authorizing the Debtor to honor and continue to perform under DOJ Settlement previously entered by this Court (Dkt. 395) (the "Initial DOJ Consent Order"). In support of this Application, the Trustee respectfully submits as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 361, 363, 507(b) and 553, and Local Bankruptcy Rule 9013-3.

### Relief Requested

4. On November 12, 2019, (the "Petition Date") an involuntary petition was filed against the Debtor under chapter 11 of the Bankruptcy Code.

5. On February 12, 2020, the Court entered an Order approving the appointment of Stephen V. Falanga as Chapter 11 Trustee of the Debtor.

6. No committee has been appointed in this case.

7. Prior to the Petition Date, on October 19, 2018, the United States District Court for the Southern District of New York entered an order approving the DOJ Settlement entered into by the Debtor, the VAC Centers, and the United States to resolve various claims in a certain prepetition *qui tam* action, styled *United States of America ex rel. Michael I. Levine, M.D. v. Vascular Access Centers, L.P., et al.*, Civil Action No. 1:12-cv-5103 (LGS).

8. On June 11, 2020, the Court entered the Initial DOJ Consent Order, which conditionally resolved certain disputed issues between the Trustee and United States with respect to the United States' alleged rights and remedies pursuant to the DOJ Settlement on the terms and

2

conditions set forth in the Initial DOJ Consent Order.

9. Pursuant to the DOJ Settlement and the terms of the Initial DOJ Consent Order, the Debtor was required to make a certain quarterly settlement payment to the United States on October 1, 2020 in the amount of $201,250.00 (the "October 1st Settlement Payment").

10. Prior to October 1, 2020, the Trustee advised the United States that the Debtor lacked the funds necessary to satisfy the October 1st Settlement Payment, and requested that the United States agree to forbear from exercising its remedies under the Initial DOJ Consent Order and to allow until December 1, 2020 for the Debtor to make a cure payment as the Trustee and the Debtor's majority limited partner and post-petition lender, William Whitfield Gardner ("Gardner") continue discussions in furtherance of a restructuring or sale of the Debtor's operations (the "Forbearance").

11. The United States agreed to the Debtor's requested Forbearance, but only if it is granted a valid, perfected, first-priority lien and security interest in the Collateral[2] securing Gardner's Post-Petition Loans equal to the unpaid amount of the October 1st Settlement Payment (the "Adequate Protection Lien") on the terms and conditions set forth in the Consent Order.

12. By this Application, the Trustee seeks authority, pursuant to sections 105(a), 361, 363, 507(b) and 553 of the Bankruptcy Code and Local Bankruptcy Rule 9013-3, to enter into the proposed Consent Order, which would provide the Debtor the Forbearance and grant the United States the Adequate Protection Lien on the terms and conditions set forth in the Consent Order.

13. The Trustee, in an exercise of his business judgment as estate fiduciary, believes the Consent Order is in the best interests of the Debtor, its creditors, the estate, and other parties-

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Consent Order.

in-interest as the Trustee and Gardner continue discussions in furtherance of a restructuring or sale of the Debtor's operations.

    **WHEREFORE,** the Trustee respectfully requests, pursuant to 11 U.S.C. §§ 105(a), 361, 363, 507(b) and 553 and Local Bankruptcy Rule 9013-3, that the Court enter the proposed Consent Order attached hereto as Exhibit A.

                                                    WALSH PIZZI O'REILLY FALANGA LLP
                                                   *Counsel for the Chapter 11 Trustee*

Dated: October 26, 2020        By:    _____
                                                            Christopher M. Hemrick (*Pro Hac Vice*)
                                                            Peter J. Pizzi
                                                            Center Square, East Tower
                                                            1500 Market Street, 12th Floor
                                                            Ph: 973.757.1100 | F: 973.757.1090
                                                            chemrick@walsh.law

# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>VASCULAR ACCESS CENTERS, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-17117-AMC |

**STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 105(a), 361, 363, 507(b) AND 553 OF THE BANKRUPTCY CODE AND LOCAL BANKRUPTCY RULE 9013-3 GRANTING THE UNITED STATES OF AMERICA ADEQUATE PROTECTION WITH RESPECT TO THE QUARTERLY SETTLEMENT PAYMENT DUE OCTOBER 1, 2020**

This matter having been opened to the Court upon the joint application (the "Application") of Stephen V. Falanga, in his capacity as chapter 11 trustee (the "Trustee"), for the bankruptcy estate of Vascular Access Centers, L.P. (the "Debtor") by and through his counsel, Walsh Pizzi O'Reilly Falanga LLP; William W. Gardner, as majority owner and post-petition senior secured lender ("Gardner") pursuant to certain Orders authorizing the Trustee to enter into Post-Petition Credit Agreements with Gardner (the "Post-Petition Loans"), by and through his counsel, Faegre Drinker Biddle & Reath LLP; and the United States of America ("United States of America"), by and through its counsel, United States Attorney's Office; pursuant to sections 105(a), 361, 363, 507(b) and 553 of Title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 9013-3, for the entry of a Stipulation and Consent Order (the "Consent Order") granting the United States of America adequate protection with respect to the quarterly settlement payment due October 1, 2020 under that certain prepetition Stipulation and Order of Settlement and Dismissal entered into by and among the Debtor, certain subsidiary and/or related corporations

of the Debtor[1] defined collectively as the VAC Centers, and the United States of America, and so-ordered on October 19, 2018 in Civil Case No. 12-5103 (S.D.N.Y.) (hereinafter the "DOJ Settlement"); and the Court having previously entered a Stipulation and Consent Order authorizing the Debtor to honor and continue to perform under DOJ Settlement (the "DOJ Settlement Stipulation") (Dkt. 395); the VAC Centers having not paid the quarterly settlement payment amount of $201,250.00 due October 1, 2020 (the "October 1st Settlement Payment") and the United States of America having provided written notice of that default under the DOJ Settlement and DOJ Settlement Stipulation, dated October 2, 2020 (the "Default"); and the Trustee on behalf of the Debtor, the non-Debtor VAC Centers, and Gardner having requested that the United States of America agree to forbear from exercising its remedies and to allow until December 1, 2020 to make a cure payment as the Trustee and Gardner continue discussions in furtherance of a restructuring or sale of the Debtor's operations; and the Court having considered the Application and any opposition thereto; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Application has been served on those parties required to receive notice; and the parties wishing to avoid the time and expense of potential motion practice on a matter to which the parties have agreed; and the Court having determined that the legal and factual bases set forth in the Application and Consent Order establish just cause for the relief granted

---

[1] The currently active VAC Centers are as follows: Vascular Access Center of Atlantic County, LLC; Vascular Access Center of Central Jersey, LLC; Vascular Access Center of Bolivar County, LLC; Vascular Access Center of West Orange, LLC; Vascular Access Center of Pittsburgh, LLC; Vascular Access Center of North Shore Louisiana, LLC; Vascular Access Center of New Orleans, LLC; Vascular Access Center of Southern Maryland, LLC; and Vascular Access Center of Memphis, LLC (collectively, the "VAC Centers").

2

herein; and the Court having determined that the relief sought in the Application and Consent Order as granted herein is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefore;

It is hereby STIPULATED, AGREED AND ORDERED:

1. The Debtor and/or the other non-debtor VAC Centers shall have until December 1, 2020 to pay the October 1st Settlement Payment and cure the Default. Except as set forth in section 4 below, the United States of America shall not exercise its rights under the DOJ Settlement or DOJ Settlement Stipulation with respect to the Default, including the right to offset any amounts due to the Debtor and/or the other non-debtor VAC Centers from the United States of America, until December 1, 2020.

2. For so long as any portion of the October 1st Settlement Payment remains unpaid, pursuant to sections 105, 361, 363, 507(b), and 553 of the Bankruptcy Code, as adequate protection to protect the United States of America's interest in its offset rights with respect to the October 1st Settlement Payment, the United States of America is hereby granted a valid, perfected first-priority lien and security interest in the Collateral securing Gardner's Post-Petition Loans equal to the unpaid amount of the October 1st Settlement Payment ("Adequate Protection Lien"), which Adequate Protection Lien shall not be subject to the Professional Fee Carve-Outs granted by Gardner in connection with the Post-Petition Loans and shall be senior to Gardner's Post-Petition Liens. For the avoidance of doubt, the Adequate Protection Lien shall cease to exist immediately upon the United States of America's receipt of the October 1st Settlement Payment without the need for further order by the Court.

3. Should the Debtor and/or the other VAC Centers fail to make the October 1st Settlement Payment on or before December 1, 2020, in accordance with the DOJ Settlement

Stipulation, other than the requirement of 10 days' prior written notice pursuant to paragraph 2 of the DOJ Settlement Stipulation, the United States of America is authorized to offset any unpaid portion of the October 1st Settlement Payment from amounts due to the Debtor and/or the other non-debtor VAC Centers from the United States of America, without the need for further written notice.

4. For so long as any portion of the October 1st Settlement Payment remains unpaid, if any of the following occurs, the United States of America is authorized to offset any unpaid portion of the October 1st Settlement Payment from amounts due to the Debtor and/or the other non-debtor VAC Centers from the United States of America, without the need for further written notice:

    a. More than fifty percent (50%) of the VAC Centers voluntarily close or terminate their participation in the Medicare program, cease operating or cease billing Medicare;

    b. A motion is made by the Trustee, or is granted as to any other party, to convert this case to a case under chapter 7 of the Bankruptcy Code;

    c. A motion is granted to dismiss this case; or

    d. A plan of liquidation or a plan which contemplates liquidation of substantially all of the assets is filed in this case.

5. Nothing contained herein otherwise alters the DOJ Settlement or the DOJ Settlement Stipulation or the rights and reservations of the parties with respect thereto except as expressly set forth herein.

6. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Consent Order.

STIPULATED AND AGREED,

| | |
|---|---|
| STEPHEN V. FALANGA<br>Chapter 11 Trustee | JENNIFER ARBITTIER WILLIAMS<br>First Assistant United States Attorney |

CHRISTOPHER M. HEMRICK
(*Pro Hac Vice*)
Wash Pizzi O'Reilly Falanga LLP
Center Square, East Tower
1500 Market Street, 12th Floor
(973) 757-1100
chemrick@walsh.law

*Counsel for Chapter 11 Trustee*

Dated: October 19, 2020

MATTHEW E. K. HOWATT
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut St., Suite 1250
Philadelphia, PA 19106
(215) 861-8335
matthew.howatt@usdoj.gov

*Counsel for the United States of America*

Dated: October 19, 2020

WILLIAM W. GARDNER

*s/ Joseph N. Argentina, Jr.*
JOSEPH N. ARGENTINA, JR.
Faegre Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-2541
Joseph.Argentina@faegredrinker.com
*Counsel for William W. Gardner*

Dated: October 19, 2020

SO ORDERED BY THE COURT:

Dated: _____, 2020

_____
HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

5