IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| VASCULAR ACCESS CENTERS, L.P., | : | |
| | : | |
| | : | BANKR. NO.: 19-17117 (AMC) |
| | : | |
| Debtor. | : | |
| | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
SECOND INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF EISNERAMPER LLP,
ACCOUNTANT AND FINANCIAL ADVISORS TO THE CHAPTER 11 TRUSTEE**

The United States Trustee for Region 3, by and through his counsel, hereby offers the following Objection to the Second Interim Application for Compensation and Reimbursement of Expenses of EisnerAmper LLP ("Applicant"), Accountant and Financial Advisors to Stephen V. Falanga, Chapter 11 Trustee of Vascular Access Centers, L.P. (the "Debtor"), for the Period from June 1, 2020 through July 31, 2020 (the "Application").

1. Andrew R. Vara is the Acting United States Trustee for Region 3 (the "United States Trustee").

2. Pursuant to U.S.C. Section 586, the Executive Office for United States Trustees has adopted procedural guidelines (hereinafter referred to as "UST Guidelines"), which UST Guidelines are to be used in reviewing applications filed for compensation and reimbursement under Section 330 of Title 11. In furtherance of his case supervisory responsibilities, the United States Trustee has standing to raise and be heard on issues of professional compensation.

3. As an initial proposition, the applicant seeking an award of professional compensation has the burden to establish entitlement to such an award under 11 U.S.C. Section

1

Case 19-17117-amc    Doc 593    Filed 11/25/20    Entered 11/25/20 08:32:25    Desc Main
                    Document      Page 2 of 4

330. In re Metro Transportation Co., 107 B.R. (E.D. Pa. 1989); In re the Columbia Gas System, Inc., et al., 150 B.R. 553 (Bankr. D. Del. 1992).

    4.    On November 12, 2019, Petitioning Creditors: Philadelphia Vascular Institute, LLC; Metter & Company; and Crestwood Associates, LLC commenced the instant case by filing a involuntary petition under Chapter 11 of the Bankruptcy Code against Debtor Vascular Access Centers, L.P. (the "Debtor").

    5.    On November 25, 2019, the Court entered an Order for Relief in an Involuntary Case.

    6.    On February 12, 2020, the United States Trustee filed an Application for Order Approving Appointment of Chapter 11 Trustee.

    7.    On February 12, 2020, the Court entered an Order approving the appointment of Stephen V. Falanga, as Chapter 11 Trustee ("Chapter 11 Trustee") in this case.

    8.    On or about March 2, 2020, an Application to Employ EisnerAmper LLP, as accountant and financial advisors for the Chapter 11 Trustee was filed.

    9.    On or about March 27, 2020, the Court entered an Order authorizing employment of EisnerAmper LLP as accountant and financial advisors for the Chapter 11 Trustee, effective as of February 12, 2020.

    10.    On or about November 13, 2020, the Applicant filed its Second Interim Application for Compensation and Reimbursement of Expenses for the Period from June 1, 2020 through July 31, 2020 (Document No. 578) (the "Application"), wherein Applicant seeks approval and payment of interim fees in the amount of $66,286.50, representing approximately 80% of the total fees of $82,834.00 for services rendered, and reimbursement of expenses in the amount of $19.30.

11. In reviewing the Application, the United States Trustee avers that the Applicant seeks compensation for services that are more appropriately a trustee's responsibility. See In re Meade Land and Development Co., Inc., 527 F. 2d 280 (3d Cir. 1975). Part C Billing Summary Item 1. Description of Services, Section a. of the Application states, "Applicant continues to assist the Trustee with monitoring the Debtor's facilities." The United States Trustee objects to full payment for any services contained in the Application which represent trustee duties including time spent assisting the trustee with "monitoring the Debtor's facilities" and requests the Court to deny full payment for such entries and/or allow payment in a reduced amount as the Court deems appropriate.

12. In reviewing the Application, the United States trustee avers that the time reflected on Exhibit "B" to the Application includes services which are administrative in contravention of Third Circuit Law. In re Meade Land and Development Co., Inc., 527 F.2d 280 (3d Cir. 1975). The relevant objectionable entries have been extracted from Exhibit "B" to the Application and set forth on Exhibit "1" attached hereto. The United States Trustee objects to full payment for the time entries listed on Exhibit "1" and requests the Court to deny full payment for such entries in the amount of $1,295.00 and/or allow payment in a reduced amount as the Court deems appropriate.

13. The Application contains line items that fail to impart sufficient information to allow a reviewer to conduct a proper review to determine the reasonableness of the compensation being sought. Vaguely described entries are so inadequate as to preclude a determination if they contributed a benefit to the Debtor's estate. Exhibit "2" attached hereto contains vague time entries, which have been highlighted for the Court's review. The calculated value for the inadequate time entries is approximately 2.6 hours having a total value of

$1,350.00. The United States trustee objects to full payment for the entries listed on Exhibit "2" and requests the Court to deny full payment for such entries in the amount of $1,350.00 and/or allow payment in a reduced amount as the Court deems appropriate.

WHEREFORE, the United States Trustee respectfully requests this Court to deny or reduce the requested award commensurate with the afore-referenced objections.

    Respectfully submitted,

    ANDREW R. VARA
    United States Trustee for Regions 3 and 9


By:    */s/ George M. Conway*
    GEORGE M. CONWAY
    Trial Attorney
    Office of United States Trustee
    833 Chestnut Street, Suite 500
    Philadelphia, PA 19107
    (215) 597-4411

Dated: November 25, 2020