# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>VASCULAR ACCESS CENTERS, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-17117-AMC |

**STIPULATION AND CONSENT ORDER PURSUANT TO SECTIONS 105(a), 361, 363, 507(b) AND 553 OF THE BANKRUPTCY CODE AND LOCAL BANKRUPTCY RULE 9013-3 GRANTING THE UNITED STATES OF AMERICA ADEQUATE PROTECTION WITH RESPECT TO THE QUARTERLY SETTLEMENT PAYMENT DUE OCTOBER 1, 2020**

This matter having been opened to the Court upon the joint application (the "Application") of Stephen V. Falanga, in his capacity as chapter 11 trustee (the "Trustee"), for the bankruptcy estate of Vascular Access Centers, L.P. (the "Debtor") by and through his counsel, Walsh Pizzi O'Reilly Falanga LLP; William W. Gardner, as majority owner and post-petition senior secured lender ("Gardner") pursuant to certain Orders authorizing the Trustee to enter into Post-Petition Credit Agreements with Gardner (the "Post-Petition Loans"), by and through his counsel, Faegre Drinker Biddle & Reath LLP; and the United States of America ("United States of America"), by and through its counsel, United States Attorney's Office; pursuant to sections 105(a), 361, 363, 507(b) and 553 of Title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 9013-3, for the entry of a Stipulation and Consent Order (the "Consent Order") granting the United States of America adequate protection with respect to the quarterly settlement payment due October 1, 2020 under that certain prepetition Stipulation and Order of Settlement and Dismissal entered into by and among the Debtor, certain subsidiary and/or related corporations

of the Debtor[1] defined collectively as the VAC Centers, and the United States of America, and so-ordered on October 19, 2018 in Civil Case No. 12-5103 (S.D.N.Y.) (hereinafter the "DOJ Settlement"); and the Court having previously entered a Stipulation and Consent Order authorizing the Debtor to honor and continue to perform under DOJ Settlement (the "DOJ Settlement Stipulation") (Dkt. 395); the VAC Centers having not paid the quarterly settlement payment amount of $201,250.00 due October 1, 2020 (the "October 1st Settlement Payment") and the United States of America having provided written notice of that default under the DOJ Settlement and DOJ Settlement Stipulation, dated October 2, 2020 (the "Default"); and the Trustee on behalf of the Debtor, the non-Debtor VAC Centers, and Gardner having requested that the United States of America agree to forbear from exercising its remedies and to allow until December 1, 2020 to make a cure payment as the Trustee and Gardner continue discussions in furtherance of a restructuring or sale of the Debtor's operations; and the Court having considered the Application and any opposition thereto; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Application has been served on those parties required to receive notice; and the parties wishing to avoid the time and expense of potential motion practice on a matter to which the parties have agreed; and the Court having determined that the legal and factual bases set forth in the Application and Consent Order establish just cause for the relief granted

---

[1] The currently active VAC Centers are as follows: Vascular Access Center of Atlantic County, LLC; Vascular Access Center of Central Jersey, LLC; Vascular Access Center of Bolivar County, LLC; Vascular Access Center of West Orange, LLC; Vascular Access Center of Pittsburgh, LLC; Vascular Access Center of North Shore Louisiana, LLC; Vascular Access Center of New Orleans, LLC; Vascular Access Center of Southern Maryland, LLC; and Vascular Access Center of Memphis, LLC (collectively, the "VAC Centers").

herein; and the Court having determined that the relief sought in the Application and Consent Order as granted herein is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefore;

It is hereby STIPULATED, AGREED AND ORDERED:

1. The Debtor and/or the other non-debtor VAC Centers shall have until December 1, 2020 to pay the October 1st Settlement Payment and cure the Default. Except as set forth in section 4 below, the United States of America shall not exercise its rights under the DOJ Settlement or DOJ Settlement Stipulation with respect to the Default, including the right to offset any amounts due to the Debtor and/or the other non-debtor VAC Centers from the United States of America, until December 1, 2020.

2. For so long as any portion of the October 1st Settlement Payment remains unpaid, pursuant to sections 105, 361, 363, 507(b), and 553 of the Bankruptcy Code, as adequate protection to protect the United States of America's interest in its offset rights with respect to the October 1st Settlement Payment, the United States of America is hereby granted a valid, perfected first-priority lien and security interest in the Collateral securing Gardner's Post-Petition Loans equal to the unpaid amount of the October 1st Settlement Payment ("Adequate Protection Lien"), which Adequate Protection Lien shall not be subject to the Professional Fee Carve-Outs granted by Gardner in connection with the Post-Petition Loans and shall be senior to Gardner's Post-Petition Liens. For the avoidance of doubt, the Adequate Protection Lien shall cease to exist immediately upon the United States of America's receipt of the October 1st Settlement Payment without the need for further order by the Court.

3. Should the Debtor and/or the other VAC Centers fail to make the October 1st Settlement Payment on or before December 1, 2020, in accordance with the DOJ Settlement

Stipulation, other than the requirement of 10 days' prior written notice pursuant to paragraph 2 of the DOJ Settlement Stipulation, the United States of America is authorized to offset any unpaid portion of the October 1st Settlement Payment from amounts due to the Debtor and/or the other non-debtor VAC Centers from the United States of America, without the need for further written notice.

4. For so long as any portion of the October 1st Settlement Payment remains unpaid, if any of the following occurs, the United States of America is authorized to offset any unpaid portion of the October 1st Settlement Payment from amounts due to the Debtor and/or the other non-debtor VAC Centers from the United States of America, without the need for further written notice:

   a. More than fifty percent (50%) of the VAC Centers voluntarily close or terminate their participation in the Medicare program, cease operating or cease billing Medicare;

   b. A motion is made by the Trustee, or is granted as to any other party, to convert this case to a case under chapter 7 of the Bankruptcy Code;

   c. A motion is granted to dismiss this case; or

   d. A plan of liquidation or a plan which contemplates liquidation of substantially all of the assets is filed in this case.

5. Nothing contained herein otherwise alters the DOJ Settlement or the DOJ Settlement Stipulation or the rights and reservations of the parties with respect thereto except as expressly set forth herein.

6. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Consent Order.

STIPULATED AND AGREED,

| | |
|---|---|
| STEPHEN V. FALANGA<br>Chapter 11 Trustee | JENNIFER ARBITTIER WILLIAMS<br>First Assistant United States Attorney |

*(signature)*                                                *(signature)*

_____                        _____
CHRISTOPHER M. HEMRICK                        MATTHEW E. K. HOWATT
(*Pro Hac Vice*)                                                Assistant United States Attorney
Wash Pizzi O'Reilly Falanga LLP                      Eastern District of Pennsylvania
Center Square, East Tower                               615 Chestnut St., Suite 1250
1500 Market Street, 12th Floor                         Philadelphia, PA 19106
(973) 757-1100                                                  (215) 861-8335
chemrick@walsh.law                                        matthew.howatt@usdoj.gov

*Counsel for Chapter 11 Trustee*                    *Counsel for the United States of America*

Dated:  October 19  , 2020                              Dated: October 19, 2020


WILLIAM W. GARDNER



*s/ Joseph N. Argentina, Jr.*
_____
JOSEPH N. ARGENTINA, JR.
Faegre Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-2541
Joseph.Argentina@faegredrinker.com
*Counsel for William W. Gardner*


Dated:  October 19  , 2020


SO ORDERED BY THE COURT:                   *(signature)*


Dated:  _____, 2020                   _____
**Date: November 25, 2020**                         HONORABLE ASHELY M. CHAN
                                                                         UNITED STATES BANKRUPTCY JUDGE

5