IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| VASCULAR ACCESS CENTERS, L.P., | Case No. 19-17117-AMC |
| Debtor. | |

**MOTION TO APPROVE DEBTOR'S INSURANCE PREMIUM FINANCE AGREEMENT WITH AFCO AND FOR RELATED RELIEF AND REQUEST FOR EXPEDITED HEARING**

Stephen V. Falanga, in his capacity as Chapter 11 Trustee (the "Trustee") for the estate of Vascular Access Centers, L.P. (the "Debtor" or "VAC"), by and through his counsel, Walsh Pizzi O'Reilly Falanga LLP, hereby moves (the "Motion") pursuant to Sections 363 and 364 of the Bankruptcy Code, Rule 4001(c) and 9014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 4001-1 and 5070-1g for the entry of an Order authorizing the Trustee to enter into a commercial insurance premium finance agreement (the "Finance Agreement") with AFCO in order to obtain funding to pay its insurance premiums for its malpractice insurance policy (the "Malpractice Policy") for Dr. Gregory D. Crenshaw.  A copy of the Finance Agreement is attached to the accompanying Declaration of Counsel as **Exhibit A** and a copy of the renewal paperwork is attached thereto as **Exhibit B**.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

4. On November 12, 2019, an involuntary petition was filed against the Debtor for relief

under chapter 11 of title 11 of the United States Bankruptcy Code [DE 1]. The Debtor consented to the relief [DE 3] and an Order for relief was entered on November 25, 2019 [DE 46].

5.  On November 22, 2019, a motion was filed seeking an Order dismissing the bankruptcy case or, in the alternative, the appointment of a chapter 11 trustee [DE 52]. On February 12, 2020, an Order was entered approving the Trustee's appointment as Chapter 11 Trustee in this case [DE 245].

6.  The Debtor's business operates through limited liability company subsidiaries. (*See* Opinion on Motion to Dismiss, p.2 [DE 234].) The subsidiaries operate/manage various outpatient vascular access centers, whereby physician interventionalists perform dialysis access procedures and certain other vascular access procedures on patients with end-stage renal disease and other vascular conditions or diseases. (*See id.*) Physician interventionalists are physicians trained in interventional radiology, interventional nephrology, or vascular surgery with further training in using sophisticated imaging technology. (*See id.*)

7.  At the outset of the case, the Debtor sought and received Court approval to continue its insurance policies uninterrupted and pay any pre-petition or other amounts related to such policies. (*See* First Day Insurance Motion [DE 12] & Order Granting Motion [DE 54]).

8.  Upon application by the Debtor, on January 16, 2020 [DE 130], the Court entered an Order [DE 193] authorizing the Debtor, to enter into a premium financing agreement with FIRST Insurance. The Order authorized the Debtor to enter into additional finance agreements with FIRST Insurance under substantially the same terms without further motions or Orders of the Court. On March 19, 2020 [DE 302] and July 25, 2020 [DE 455], the Trustee filed notices of entry into additional insurance premium finance agreements with FIRST Insurance.

## RELIEF REQUESTED

9. By this Motion, the Trustee seeks entry of an Order, pursuant to sections 105(a), 363, and 364 of the Bankruptcy Code, authorizing the Debtor to enter into the Finance Agreement to obtain funding to pay its premium for the Malpractice Policy.

10. The Trustee also requests authority to enter into additional agreements (the "Additional Agreements") with AFCO under substantially the same terms as the Finance Agreement in the future, without being required to file additional motions.

## THE NEED FOR PREMIUM FINANCING

11. In connection with the operation of the Debtor's business and the management of its operations, the Debtor maintains numerous insurance policies, providing coverage for, among other things, professional liability, director and officer liability, crime, cyber liability, umbrella, general liability and property insurance (collectively, the "Insurance Policies"). (*See* First Day Insurance Motion, p.4 [DE 12].) The Debtor maintains the Insurance Policies through several different carriers and finances its most of its premiums through FIRST Insurance Funding. (s*ee id.*). The Court has previously entered an Order approving premium financing with FIRST Insurance relating to other Insurance Policies. (*See* Amended Order Approving Insurance Premium Finance Agreement [DE 193].)

12. The Debtor is required to maintain insurance coverage throughout the Chapter 11 proceedings in order to preserve the value of its business, property, and assets. *See* 11 U.S.C. §1112(b). The Insurance Policies, including the Malpractice Policy, are critical to the Debtor's day-to-day operations, as they protect the value of the Debtor's estate, provide coverage for fiduciaries, directors, and officers, and provide coverage for the Debtor to the extent of any liabilities incident to its operations. (*See* First Day Insurance Motion a p. 4.)

3

13. To that end, the Debtor sought and received Court approval to continue its Insurance Policies uninterrupted and pay any pre-petition or other amounts related to such Policies. (*See* First Day Insurance Motion & Order Granting Motion [DE 54].)

14. The Debtor is now seeking to enter an agreement with AFCO to cover its insurance premiums for the malpractice coverage for Dr. Gregory Crenshaw. The current policy expires on December 9, 2020. Accordingly, to pay its insurance premium payments on the Malpractice Policy in a timely fashion, and to avoid any risk to the continuation of the Malpractice Policy, the Trustee is seeking an expedited hearing on this Motion.

15. The Trustee believes that it is in the best interest of the Debtor's estate and best use of limited estate resources to finance the premium on the Malpractice Policy.

16. Pursuant to the Finance Agreement, AFCO will provide financing to the Debtor for the premium on the Malpractice Policy, (*see* Darling Decl., **Exhibits A & B**), which is essential for the operation of Debtor's business. Under the Finance Agreement, the total premium amount is $47,236.00 and the total amount to be financed is $42,512.40. (*See id.*) Under the Finance Agreement, the Debtor will become obligated to pay AFCO the sum of $43,680.30 in addition to a down payment in the amount of $4,723.60 and the balance in ten (10) monthly installments of $4,368.03 each. (*See id.*) The installment payments are due on the ninth day of each month commencing on January 9, 2021. (*See id.*) The finance charge is $1,167.90 and the annual percentage rate is 5.95%. (*See id.*)

17. The proposed financing is unsecured.

18. The Trustee believes that the terms of the Finance Agreement are commercially fair and reasonable.

19. The Debtor is required to maintain adequate insurance coverage and without it, would

4

be forced to cease operations.

20. The Debtor also seeks authority to enter into the Additional Agreements with AFCO as may be necessary in the future.

21. The Additional Agreements would be under substantially the same terms as those set forth in the present Finance Agreement.

22. The relief requested by this Motion is warranted and appropriate under the circumstances. The Trustee submits that authorization of the Finance Agreement will ensure that the Debtor can continue necessary operations, and will not prejudice the legitimate interests of creditors and other parties in interest, including the Debtor's secured creditors.

## BASIS FOR RELIEF

23. Section 363(b)(1) of the Bankruptcy Code provides, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a).

24. The Trustee submits that payment of premiums to maintain insurance coverage is necessary and appropriate and that the Court has already authorized the Debtor to maintain its Insurance Policies and to finance their premiums.

25. Moreover, pursuant to section 364(c) of the Bankruptcy Code, the Trustee may, in the exercise of his business judgment, incur unsecured post-petition debt. The Trustee's business judgment is that the post-petition entry into its insurance premium financing is in the best interests of

5

the Debtor, its creditors and its estate.

26. In light of the importance of maintaining insurance coverage with respect to business activities and the preserving of Debtor's cash flow and estate by financing the insurance premiums, the Trustee believes that it would be in the best interests of the Debtor's estate and creditors to approve the Finance Agreement.

## REQUEST FOR EXPEDITED MOTION

27. The Debtor's existing malpractice insurance policy covering Dr. Crenshaw expires on December 9, 2020. The Trustee only became aware of the terms upon which AFCO would provide the financing on November 16, 2020. At that point, the Debtor contacted FIRST Insurance to inquire about financing the Malpractice Policy since an Order was already entered approving financing with FIRST Insurance; however, was not able to obtain approval from FIRST in time to meet its premium obligations on the Malpractice Policy. Accordingly, to pay its insurance premium payments on the Malpractice Policy in a timely fashion, and to avoid any risk to the continuation of the Malpractice Policy, the Trustee is seeking an expedited hearing on this Motion.

28. Accordingly, the Trustee requests that a hearing on the Motion be scheduled for December 7, 2020 at 10:00 a.m., on which date the Court already has scheduling a hearing in this case.

## NOTICE

29. In accordance with Local Rule 5070-1, on November 27, 2020, the Trustee informed the following parties via e-mail of the filing of this Motion and the request for an expedited hearing: (1) Office of the United States Trustee; (2) counsel for the Debtor; (3) counsel for Philadelphia Vascular Institute, LLC; (4) counsel for William Whitfield Gardner; (5) counsel for Philips Medical Capital, LLC; (6) counsel for TIAA Commercial Finance, Inc.; and (7) counsel for Dr. James

6

McGuckin.  (*See* Darling Decl., ¶5.)  None of the foregoing parties objected to having the matter heard on an expedited basis.  (*See id.* at ¶6.)

30. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

31. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

32. For the foregoing reasons, the Trustee respectfully requests that the Court enter the proposed form of Order attached hereto as **Exhibit A** approving the Trustee's request for an expedited hearing and for an Order, substantially in the form attached hereto as **Exhibit B**, authorizing the Trustee to enter into the Financing Agreement with AFCO for the Malpractice Policy pursuant to Sections 363 and 364 of the Bankruptcy Code and granting such other and further relief set forth herein and that the Court deems just and proper.

WALSH PIZZI O'REILLY FALANGA LLP<br>
Counsel to Chapter 11 Trustee<br><br>
By: _____<br>
Sydney J. Darling (*Pro Hac Vice*)<br>
Peter J. Pizzi<br>
Center Square, East Tower<br>
1500 Market Street, 12th Floor<br>
Ph: 973.757.1100 | F: 973.757.1090<br>
sdarling@walsh.law<br>
ppizzi@walsh.law

Date: November 30, 2020