IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> VASCULAR ACCESS CENTERS, L.P., <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-17117-AMC |

**STIPULATION AND CONSENT ORDER BETWEEN THE CHAPTER 11 TRUSTEE, ON BEHALF OF THE DEBTOR AND THE DEBTOR'S NON-DEBTOR SUBSIDIARY VASCULAR ACCESS CENTER OF MEMPHIS LLC, AND 1750 MADISON, LLC, RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY**

Upon the agreement of Stephen V. Falanga, in his capacity as chapter 11 trustee (the "Trustee")[1] for the bankruptcy estate of Vascular Access Centers, L.P. (the "Debtor"), on behalf of the Debtor and the Debtor's non-debtor subsidiary, Vascular Access Center of Memphis, LLC ("VAC Memphis") and Debtor's and VAC Memphis' successors and assigns, by and through his undersigned counsel, and 1750 Madison, LLC, on behalf of itself and its successors and assigns ("1750 Madison" and, together with the Debtor and VAC Memphis, the "Parties," and each individually a "Party"), by and through its undersigned counsel, to the terms and conditions set forth in this stipulation and consent order (the "Stipulation and Consent Order") in full and final resolution of 1750 Madison's Motion for an Order Granting Relief From the Automatic Stay (D.E. 525) (the "Stay Relief Motion"); and the Parties desiring to avoid the cost and expense of further litigation on a matter to which the Parties have agreed; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. §

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Stay Relief Motion or the Trustee's Objection thereto (D.E. # 525 and # 546), as applicable.

157(b)(2); and after due deliberation and good and sufficient cause appearing therefor;

IT IS hereby STIPULATED, AGREED, AND ORDERED as follows:

1. On or about October 23, 2007, the Debtor and/or VAC Memphis entered into that certain lease agreement (the "Lease") for the premises known as 1750 Madison Avenue, Suite 300, Memphis, Tennessee, 38104 (the "Premises").

2. On November 12, 2019 (the "Petition Date") certain of the Debtor's creditors initiated the above-captioned bankruptcy case by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Both prior and subsequent to the Petition Date, VAC Memphis has operated, and continues to operate, a vascular interventional procedural center at the Premises and has paid certain rental amounts to 1750 Madison and/or its predecessors-in-interest, as the case may be, since the Petition Date. The Parties dispute the appropriate amount due for rent under the terms of the Lease subsequent to the Petition Date. At this time, the Parties agree that the monthly rental amount due under the Lease from October 1, 2020 forward will be in the amount of Eight-Thousand Seven Hundred Eight and 00/100 Dollars ($8,708.00) per month (the "Rent").

4. On February 12, 2020, this Court entered an Order appointing Stephen V. Falanga as the Trustee in the above-captioned case, and he continues to serve in that capacity.

5. On June 8, 2020, the Trustee filed a *Motion for an Order Enforcing the Automatic Stay as to Actions Against the Debtor's Non-Debtor Subsidiary Limited Liability Companies and Philadelphia Vascular Institute, LLC Pursuant to 11 U.S.C. §§ 362(a) and 105(a) or, Alternatively, Extending the Stay Pursuant to 11 U.S.C. § 105(a)* (D.E. # 385) (the "Motion to Enforce Stay").

6. On September 8, 2020, the Court entered an *Order Enforcing the Automatic Stay as to Actions Against the Debtor's Non-Debtor Subsidiary Limited Liability Companies and*

*Philadelphia Vascular Institute, LLC pursuant to 11 U.S.C.§§ 362(a) and 105(a)* against, among other entities, 1750 Madison (D.E. # 513) (the "Order Enforcing Stay").

7. On September 30, 2020, 1750 Madison filed the Stay Relief Motion.

8. On October 12, 2020, the Trustee filed an Objection to the Stay Relief Motion (D.E. # 546) (the "Objection").

9. On October 15, 2020, the Court conducted a preliminary hearing with respect to the Stay Relief Motion.

10. The Parties having since engaged in good faith negotiations with respect to the Stay Relief Motion and the Objection, and for good and valuable consideration, the receipt of which is hereby acknowledged by the Parties, and with the intent to be legally bound, have agreed to the terms and conditions of this Stipulation and Consent Order, subject to this Court's approval.

11. The Debtor shall pay $8,708.00 in Rent to 1750 Madison on behalf of the Debtor and/or VAC Memphis for the month of October 2020, which amount the Parties acknowledge was previously paid by the Debtor prior to the date hereof in reliance on the agreement set forth in this Stipulation and Consent Order.

12. The Debtor and/or VAC Memphis shall have the right to remain in possession of the Premises with the right to full use and enjoyment of the Premises for all purposes contemplated by the Lease until January 31, 2021 (the "Exit Date"). Debtor and VAC Memphis acknowledge and agree that neither shall have any right whatsoever (whether any alleged right might arise under the terms of the Lease, this Stipulation and Consent Order, at law or in equity) to extend, renew, holdover, or in any other manner prolong the time period for Debtor and/or VAC Memphis to occupy the Premises beyond the time period of October 1, 2020 through and including the Exit Date (the "Occupancy Period").

13. During the Occupancy Period, Debtor and/or VAC Memphis will be a lessee at will and all of the terms and provisions of the Lease shall be deemed applicable during the Occupancy Period, as modified and/or supplemented by the provisions of this Stipulation and Consent Order. If there is any inconsistency between the terms of the Lease and this Stipulation and Consent Order, the terms of this Stipulation and Consent Order shall control.

14. Except as set forth in Paragraph 16 below, neither the Debtor nor VAC Memphis shall be required to pay any amounts to 1750 Madison including, without limitation, Rent, for the time period from November 1, 2020 through and including the Exit Date, it being understood and agreed by 1750 Madison that any right to receive payment of Rent or other financial remuneration in exchange for the Debtor and/or VAC Memphis' use and possession of the Premises from November 1, 2020 through the Exit Date be and is hereby forever waived, released and relinquished.

15. The Debtor and/or VAC Memphis shall vacate and surrender the Premises together with all alterations, physical additions, renovations and/or improvements thereto, to 1750 Madison on or before the Exit Date, with the Premises being left in broom-clean condition. Notwithstanding anything to the contrary in the Lease or this Stipulation and Consent Order, neither the Debtor nor VAC Memphis shall be permitted to remove or required to restore any alterations, physical additions, renovations and/or improvements to the Premises that may have been made during the course of the Lease.

16. Any goods, effects, personal property, fixtures, machinery and equipment not removed on or before the Exit Date shall be considered abandoned (the "<u>Abandoned Property</u>") and 1750 Madison may retain or dispose of the same as it deems expedient, and Debtor and/or VAC Memphis shall promptly reimburse 1750 Madison for the reasonable, documented, out-of-

pocket expenses incurred by 1750 Madison to (a) remove said Abandoned Property (with the exception of costs to remove fixtures) from the Premises; and (b) repair any damage occasioned by such removal that is not covered by any applicable policy of insurance applicable to the removal services. The entry of this Stipulation and Consent Order shall be deemed an effective abandonment by the Debtor and VAC Memphis under Section 554 of the Bankruptcy Code to the extent that any such Abandoned Property is or was property of the bankruptcy estate or otherwise subject to this Court's prior Order Enforcing Stay and no further relief from the automatic stay shall be necessary for 1750 Madison to effectuate its rights to retain or dispose of the Abandoned Property. For the avoidance of doubt, 1750 Madison, the Debtor and VAC Memphis reserve all of their rights and remedies under this Stipulation and Consent Order and the applicable provisions of the Lease relating to any claims of damage occurring to the Premises during the Occupancy Period in addition to that set forth in subsection (b) of this Paragraph.

17. Upon the timely exit by the Debtor and VAC Memphis from the Premises in accordance with the terms and conditions of this Stipulation and Consent Order, 1750 Madison shall (a) refund to the Debtor the October 2020 Rent in the amount of $8,708.00; and (b) pay the Debtor the additional amount of Ten Thousand and 00/100 Dollars ($10,000.00) (collectively, the "Exit Payment"), less any costs payable by the Debtor and/or VAC Memphis pursuant to paragraph 16 above.

18. In addition to the Exit Payment, as an incentive to the Debtor and VAC Memphis to vacate the Premises prior to the Exit Date, 1750 Madison shall pay the Debtor the amount of Four Hundred and 00/100 Dollars ($400.00) for each business day up to and including January 15, 2021, prior to the Exit Date that the Debtor and VAC Memphis vacate the Premises (collectively, the "Incentive Payment"). By way of example, and without limitation, in the event the Debtor and

VAC Memphis vacate the Premises on January 15, 2021, 1750 Madison shall pay the Debtor an Incentive Payment in the amount of $4,000.00 ($400.00 per diem x 10 business days).

19. The Exit Payment and applicable Incentive Payment, if any, shall be paid by 1750 Madison so that it is received by the Debtor within five (5) business days after the date the Debtor and/or VAC Memphis vacate the Premises.

20. 1750 Madison avers that it has entered into a certain contract for the lease of the Premises with a new tenant, with such lease term to commence immediately after the Exit Date. Accordingly, 1750 Madison avers that it is relying upon the rights, obligations, terms and conditions set forth in this Stipulation and Consent Order. Accordingly, 1750 Madison reserves all of its rights and remedies with respect to any default of this Stipulation and Consent Order, including, but not limited to, the right to pursue Debtor and VAC Memphis for any and all costs, damages or liabilities, whether direct, indirect or consequential, to which 1750 Madison may be entitled as a result of Debtor and/or VAC Memphis' failure to vacate the Premises on or before the Exit Date, including, but not limited to, any damages to which 1750 Madison may be entitled resulting from any lease entered into by 1750 Madison and any prospective tenant (including the Prospective Tenant) for failure of 1750 Madison to deliver the Premises to such prospective tenant on the date immediately following the Exit Date. For the avoidance of doubt, the Debtor and VAC Memphis reserve all of their rights and remedies with respect to 1750 Madison's averments set forth above including, without limitation, any claims and/or allegations made by 1750 Madison including, without limitation, the right to dispute, contest and/or defend against any such claims and/or allegations made by 1750 Madison.

21. Mutual Release:

    a. 1750 Madison, on behalf of itself and its respective managers, members,

officers, directors, shareholders, agents and/or employees, and their respective predecessors, successors, assigns and other legal representatives, including, without limitation, any receiver, trustee, custodian, heir, executor or administrator (collectively, the "1750 Madison Releasors"), hereby absolutely, unconditionally and irrevocably release, discharge and acquit the Debtor and VAC Memphis, and their respective managers, members, officers, directors, shareholders, agents and/or employees, and their respective predecessors, successors, assigns and other legal representatives, including, without limitation, any receiver, trustee, custodian, heir, executor or administrator including, without limitation, the Trustee (collectively, "Debtor Releasees"), from any and all claims, demands, debts, accounts, contracts, liabilities, suits, covenants, agreements, promises, sums of money, accounts, bills, reckonings, damages, actions and causes of actions of every kind, nature and description, that the 1750 Madison Releasors, or any of them, at any time had or has, or that their successors and assigns hereafter can or may have against the Debtor Releasees, or any of them, relating to any matter prior to the date hereof. Notwithstanding anything to the contrary set forth herein, nothing herein shall operate to release, discharge or extinguish any obligations of the Debtor Releasees pursuant to this Stipulation and Consent Order, including any and all provisions of the Lease as incorporated into or otherwise made applicable by this Stipulation and Consent Order relating to the Occupancy Period.

      b.    The Debtor and VAC Memphis, on behalf of themselves and their respective managers, members, officers, directors, shareholders, agents and/or employees, and their respective predecessors, successors, assigns and other legal representatives, including, without limitation, any receiver, trustee, custodian, heir, executor or administrator including, without limitation, the Trustee (collectively, the "Debtor Releasors"), hereby absolutely, unconditionally and irrevocably release, discharge and acquit 1750 Madison, and its respective

7

managers, members, officers, directors, shareholders, agents and/or employees, and their respective predecessors, successors, assigns and other legal representatives, including, without limitation, any receiver, trustee, custodian, heir, executor or administrator (collectively, the "1750 Madison Releasees"), from any and all claims, demands, debts, accounts, contracts, liabilities, suits, covenants, agreements, promises, sums of money, accounts, bills, reckonings, damages, actions and causes of actions of every kind, nature and description, that the Debtor Releasors, or any of them, at any time had or has, or that their successors and assigns hereafter can or may have against the 1750 Madison Releasees, or any of them, relating to any matter prior to the date hereof. Notwithstanding anything to the contrary set forth herein, nothing herein shall operate to release, discharge or extinguish any obligations of the 1750 Madison Releasees pursuant to this Stipulation and Consent Order, including any and all provisions of the Lease as incorporated into or otherwise made applicable by this Stipulation and Consent Order relating to the Occupancy Period.

22. For the avoidance of doubt, nothing in this Stipulation and Consent Order shall prejudice, impair or in any way affect the Debtor and/or VAC Memphis' rights and remedies pursuant to applicable law and/or equity with respect to persons or entities other than the 1750 Madison Releasees, all such rights and remedies being expressly reserved. For the avoidance of doubt, neither Debtor, VAC Memphis, Trustee nor any other third party or affiliate of the Debtor shall have the right to assume and/or assign the Lease or any rights under this Stipulation and Consent Order under Bankruptcy Code section 365 or otherwise.

23. This Stipulation and Consent Order shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns, including, without limitation, the Trustee and any successor trustee or other trustee subsequently appointed or elected under Section 1104, 701, 702 or 703 of the Bankruptcy Code.

24. The Trustee be and is hereby authorized to execute this Stipulation and Consent Order on behalf of the Debtor's non-debtor subsidiary, Vascular Access Center of Memphis, LLC.

25. The Parties represent and warrant that the undersigned have been duly authorized including, where applicable, by authorization given to such Party's legal counsel, to execute this Stipulation and Consent Order and bind the Party on whose behalf they have executed this Stipulation and Consent Order.

26. Each of the Parties shall bear its own attorneys' fees and costs relating to the above described dispute, the settlement, negotiations and execution of this Stipulation and Consent Order. If any Party, however, must commence an action to enforce the terms of this Stipulation and Consent Order, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

27. The automatic stay provisions of 11 U.S.C. § 362(a) and those imposed by the Order Enforcing Stay shall be TERMINATED immediately and without further need for an Order from this Court on February 1, 2021 with respect to 1750 Madison pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), as neither Debtor nor VAC Memphis will have any viable interest in the Lease or the Premises at such time, having received the full benefit of this Stipulation and Consent Order (subject in all respects to, and without waiver of, 1750 Madison's compliance with its obligations hereunder) and otherwise being obligated to vacate the Premise on or before January 31, 2021 under the terms hereof. Without limiting the generality of the foregoing, relief from the stay is immediately granted to 1750 Madison as of February 1, 2021 to the extent necessary to enforce and carry out the transactions contemplated by this Stipulation and Consent Order.

28. Notwithstanding anything to the contrary in the Bankruptcy Code or Bankruptcy

Rules, this Stipulation and Consent Order shall be immediately effective upon entry.

29. The Bankruptcy Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or relating to this Stipulation and Consent Order, and the relief set forth herein.

**[SIGNATURES ON FOLLOWING PAGE]**

**SO STIPULATED and AGREED:**

| | |
|---|---|
| DENTONS COHEN & GRIGSBY P.C. | WALSH PIZZI O'REILLY FALANGA LLP |
| Fridrikh V. Shrayber | Centre Square, East Tower |
| (PA ID No. 208083) | 1500 Market Street, 12th Floor |
| Helen Sara Ward | Philadelphia, PA 19102 |
| (PA ID No. 204088) | (973) 757-1100 |
| 625 Liberty Ave | chemrick@walsh.law |
| Pittsburgh, PA 15222-3152 | sdarling@walsh.law |
| (412) 297-4900 | |
| fred.shrayber@dentons.com | |
| helen.ward@dentons.com | |

*Attorneys for 1750 Madison, LLC*     *Attorneys for Stephen V. Falanga, Chapter 11 Trustee of Vascular Access Centers, L.P.*

By: _____     By: _____
Helen Sara Ward *(Pro Hac Vice)*        Christopher M. Hemrick *(Pro Hac Vice)*

Dated:                                       Dated:

VASCULAR ACCESS CENTERS, L.P. and
VASCULAR ACCESS CENTER OF
MEMPHIS, LLC

By: _____
Stephen V. Falanga
Chapter 11 Trustee of Vascular Access Centers, L.P.

Dated:

**SO ORDERED:**

Dated: _____, 2020        _____
                                    HONORABLE ASHELY M. CHAN
                                    UNITED STATES BANKRUPTCY JUDGE

11