IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Vascular Access Centers, L.P., | : | Case No. 19-17117 (AMC) |
| | : | |
| Debtor. | : | Hearing: March 3, 2021 at 12:30 p.m. |
| | : | Courtroom #4 |

**THE UNITED STATES OF AMERICA'S MOTION FOR FURTHER
EXTENSION OF TIME TO FILE COMPLAINT UNDER 11 U.S.C. § 523(C)**

Pursuant to Federal Rule of Bankruptcy Procedure 4007(c), the United States of America respectfully moves the Court for a further extension of time to file a complaint under 11 U.S.C. § 523(c) to determine the dischargeability of Debtor's debt to the United States. As noted below, the United States has conferred with the Chapter 11 Trustee in this case regarding the requested further extension of time. Without conceding any legal or factual positions taken by the United States, the Chapter 11 Trustee consents to the further extension requested herein as an accommodation to the United States.

"Cause" exists for granting the extension, as follows:

1. Debtor and certain of its non-debtor subsidiaries (the "FCA Defendants") are jointly and severally liable to the United States pursuant to a settlement under the civil False Claims Act (the "FCA Settlement") for at least $3.825 million, and as much as $18,360,794, depending on the occurrence or non-occurrence of certain contingencies. *See* Ex. 20 to Dkt. 43.

2. In the FCA Settlement, the FCA Defendants made various factual admissions regarding their conduct, which the United States contends was fraudulent. *Id.* at § 2.

3. The United States asserts that the debt arising from the FCA Settlement is non-dischargeable under 11 U.S.C. § 1141(d)(6)(A).

4. If necessary, the United States will file a complaint under 11 U.S.C. § 523(c) averring that the debt arising from the FCA Settlement (minus any payments made by Debtor pursuant to the FCA Settlement) is non-dischargeable.

5. Pursuant to Federal Rule of Bankruptcy Procedure 4007(c) the United States would have had to file its complaint under 11 U.S.C. § 523(c)(2) on or before Monday, March 9, 2020 (*i.e.*, 60 days from January 7, 2020, which was the first date set for the meeting of creditors under 11 U.S.C. § 341(a)).

6. On April 9, 2020, with the consent of the Chapter 11 Trustee, the Court granted the United States' motion for a 120-day extension of time and thus gave the United States until July 7, 2020 to file its complaint under 11 U.S.C. § 523(c)(2).

7. On August 12, 2020, with the consent of the Chapter 11 Trustee, the Court granted the United States' motion for a further 90-day extension of time and thus gave the United States until October 5, 2020 to file its complaint.

8. On November 19, 2020, with the consent of the Chapter 11 Trustee, the Court granted the United States' motion for a further 120-day extension of time and thus gave the United States until February 2, 2021 to file its complaint.

9. The Chapter 11 Trustee continues to explore various business options for Debtor.

10. The United States and the Chapter 11 Trustee continue to work cooperatively to address the United States' claims as a creditor in this case that arise from the FCA

Settlement.

11.     Accordingly, the United States and Chapter 11 Trustee wish to avoid premature and potentially unnecessary litigation regarding the issue of discharge of the debt arising from the FCA Settlement.

12.     Additionally, the United States conferred with the Chapter 11 Trustee's counsel on January 29, 2021, who tentatively consented to the extension herein subject to confirmation with the Trustee—who has since consented.

13.     Given the course of dealing of the parties and the reciprocal extensions granted on various matters, the Chapter 11 Trustee consents to the filing of this motion and the entry of the accompanying order even though the motion is filed one day after February 2, 2021.  The debtor's consent is sufficient to grant a late motion because Rule 4007(c) is not jurisdictional.  *See Kontrick v. Ryan*, 540 U.S. 443, 455-460 (2004) (concerning analogous Rule 4004(b)).

WHEREFORE, as proposed in the accompanying order, the United States, with the consent of the Chapter 11 Trustee, requests a further 120-day extension (*i.e.*, on or before June 2, 2021) of its time to file a complaint under 11 U.S.C. § 523(c) to determine the dischargeability of Debtor's debt to the United States.

Nothing herein shall affect the Chapter 11 Trustee's rights and remedies with respect to the United States' claim(s) including, without limitation, the right to oppose any action for a determination that any debt to the United States is non-dischargeable, all such rights and remedies being expressly reserved by the Chapter 11 Trustee.

Nothing herein shall be construed to limit the parties' ability to enter into further

agreements with respect to the deadline to file a complaint to determine dischargeability, nor preclude or limit the United States from asserting that such deadline does not apply.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

/s/ Matthew E. K. Howatt
MATTHEW E. K. HOWATT
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8335
Fax:  215-861-8618
Matthew.Howatt@usdoj.gov

Dated: February 3, 2021

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the United States' Motion for Further Extension of Time was electronically filed and served via the Courts CM/ECF system upon all parties who have appeared and by and by U.S. mail on all other parties on the service list.

       /s/ Matthew E. K. Howatt
      MATTHEW E. K. HOWATT
      Assistant United States Attorney

Dated:  February 3, 2021