**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>VASCULAR ACCESS CENTERS, L.P.,<br>Debtor. | 19-17117 (AMC)<br>Chapter 11 |

**MOTION TO DISMISS CASE OR CONVERT CASE TO CHAPTER 7**
**BY UNITED STATES TRUSTEE**

Andrew R. Vara, United States trustee for Region 3 ("U.S.T."), by and through the undersigned counsel, hereby submits this Motion of the United States trustee, pursuant to 11 U.S.C. § 1112(b), 1112(c) and 11291(e) and Federal Rules of Bankruptcy Procedure 1017(F) and 9014, to Dismiss this case, or in the alternative, to Convert this case to a proceeding under chapter 7, ("Motion").[1]  "Cause" exists to dismiss or convert this Chapter 11 case to a Chapter 7 because Debtor is delinquent in fees owed to the U.S.T, has not provided and filed required operating reports, and most importantly, is administratively insolvent with no likelihood of reorganization. For these reasons the U.S.T. has established cause to dismiss or convert this case pursuant to Section 1112(b).

**I. PRELIMINARY:**

1.      The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the Order of Reference of the United States District Court for the Eastern District of Pennsylvania

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. Section 101 *et seq.,* unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

dated July 25, 1984. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

2. On December 12, 2019, Vascular Access Centers, L.P. ("Debtor") filed a voluntary Petition under Chapter 11, Title 11, U.S. Code (Bankruptcy Code).

3. On February 12, 2020, Stephen V. Falanga, was appointed as the chapter 11 trustee. Since his appointment, Mr. Falanga has conducted and operated the business of the Debtor.

4. Debtor is delinquent in the payment of fees due the U.S.T for the fourth quarter of 2020 in the amount of $62,795.00.

5. Debtor has not filed Monthly Operating Reports for December 2020, and January and February 2021.

6. The Debtor has continually operated at a loss, relying on post-petition financing to fund its operations. Debtor is presently unable to pay the outstanding fees due the U.S.T., has not filed a Plan of reorganization, and is attempting to negotiate a liquidating sale which is unlikely to fund anything for unsecured creditors.

**II.    MEMORNDUM OF POINTS AND AUTHORITIES**

    **C. Cause Exists Under 11 U.S.C. §1112(b)(1) to Dismiss This Bankruptcy Case.**

7. 11 U.S.C. §1112(b)(1) provides that:
> Except as provided in paragraph (2) and subsection (c), on request …the Court shall convert a case under this Chapter to a case under Chapter 7 or dismiss a case under this Chapter, whichever is in the best interest of creditors and the estate, for cause unless the Court determines that the appointment under Section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

8. Section 1111(b) includes a non-exclusive list of what constitutes "cause;" however,

the Court should "consider other factors as they arise and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp v. United States trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375, (B.A. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under §1112(b). *Id.*

9. As movant, the United States trustee bears the burden of establishing by preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan),* 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014)(citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a Chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston),* 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion is in the best interests of creditors and the estate; and (2) identify whether there is unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan, 522 B.R. at 612.*

**Cause Exists Under 11 U.S.C.§1112(b)(4)(F) because Debtor has Failed to File Operating Reports and Provide Financial Information Requested by the United States Trustee.**

10. "Cause," as used in Section 1112(b)(1), is defined in pertinent portions of Section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
> ….
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by tis title or by any rule applicable to a case under this Chapter; . / .

11 U.S.C. §§1112(b)(1) and (b)(4)(F).

11. "Cause," as used in Section 1112(b)(1), is defined in pertinent portions of Section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
> ….
> (H) Failure timely to provide information or attend meetings reasonably requested by the United States trustee . . .

11 U.S.C. §§1112(b)(1) and (b)(4)(H).

12. The Debtor has failed to file Monthly Operating Reports for December 2020, and January and February of 2021. The Debtor has

been continually delinquent in filing these reports. The reports are required by applicable United States trustee guidelines, as well as the Bankruptcy Code and Rules.[2] As other Courts have held, operating reports and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*, 505 B.R. 289, 303 (S.D. Ca. 2014)(citation omitted). *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

---

[2] The applicable United States Trustee Guidelines ("Guidelines") provide that each Chapter 11 Debtor "shall file with the court and contemporaneously serve as the United States Trustee a report for every calendar month or portion thereof during which the case is pending. *See Region 17: United States Trustee Guidelines,* available at http:www.justice.gov/ust/r17/docs/general guidelines.htm (last viewed October 8, 2016). The Guidelines also require debtors to file each operating report "on or before the 20th day of the month immediately following the month described in the report." *Id. See also In re Whetten,* 473 B.R. 380,382 (Bankr. D. Colo. 2012). ("The UST is charged with supervising the administration of Chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill"). In addition, FRBP 2015(a)(2), (3), and (5) requiring the filing of periodic reports as the United States Trustee require.

13. Even if the Debtor were now to file all operating reports that are past due, the Debtor's delay in filing would itself constitute cause to convert or dismiss this case under Section 1112(b),[2] Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy timely any filing or reporting requirement." 11 U.S.C. §1112(b)(4)(F)(emphasis added). *In re Babayoff,* 445 B.R. 64,81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b)where debtor filed multiple monthly operating reports "in a single batch, weeks or months late").

14. Accordingly, there is cause to either dismiss this case or to convert this case to a proceeding under chapter 7, and the Court should enter an order accordingly.[3]

**Cause Exists Under Section 11 U.S.C.§§1112(b)(1) and 1112(b)(4)(K) because Debtor has failed to pay fees due and owing to the UST.**

15. Under 28 U.S.C. § 1930(a)(6), the Debtor is obligated to pay fees based upon "disbursements" made during a calendar quarter to the United States Trustee System Fund. 28 U.S.C. § 1930(a)(6) establishes a funding mechanism for the United States Trustee Program ("the Program"). Under 28 U.S.C. § 1930(a)(6), quarterly fees must be paid in each open chapter 11 case in an amount scaled upon "disbursements" made in the case.

16. 28 U.S.C. § 1930(a)(6) was intended as a revenue-generating mechanism for The Program, and it applies "to all disbursements made during the entire [chapter 11] process, including ordinary operating expenses, before or after confirmation, as a type of user tax on those who benefit the most from the program." *Walton v. Jamko, Inc. (In re Jamko, Inc.)*, 240

---

[2] Given the Debtor's failure to file operating reports, the United States Trustee reserves her rights to supplement her Motion in the event that the Debtor tardily files reports that support cause for conversion under Section 1112(b)(4)(K) if they reveal that Debtor has not paid all quarterly fees required by 28 U.S.C. §1930(a)(6).

F.3d 1312, 1316 (11th Cir. 2001) (bracketed text added). Payment of quarterly fees is mandatory in every case, and they must be paid every quarter (or fraction thereof) from the quarter in which the petition is filed until the quarter in which the case is closed pursuant to a final decree. *See Genesis Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.)*, 402 F.3d 416, 421 (3d Cir. 2005); *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 554 (3d Cir. 1999). The fee owed in a particular quarter is determined solely by operation of statute – it is not subject to adjustment by the courts. *See, e.g.*, *Jamko,* 240 F.3d at 1314 (noting that calculation of fee is mandated by statute); *Jorgenson v. Schwartz (In re Wilko Machine Co.)*, No. 97-55937, 1997 WL 77963 (9th Cir. Feb. 4, 1997); *Office of the U.S. Trustee v. Hays Builders, Inc. (In re Hays Builders, Inc.)*, 144 B.R. 778, 779 (W.D. Tenn. 1992); *United States Trustee v. Kroy (Europe) Ltd. (In re Kroy (Europe) Ltd.),* Nos. CIV 99-834-PHX-SMM *et al.*, 2000 WL 194311 at *3 (D. Ariz. Jan. 26, 2000) ("...there is no language in section 1930(a)(6) indicating that Congress intended to create an 'inequitable' exception to payment of the fees"); *In re Central Copters, Inc.*, 226 B.R. 447, 451 (Bankr. D. Mont. 1998); *In re Meyer*, 187 B.R. 650, 653 (Bankr. W.D. Mo. 1995).

17. The Debtor is delinquent in the amount of $62,795.00, and by the end of March 2020 will likely fall behind in a similar amount as it is administratively insolvent and does have the ability to make payment.

18. The Debtor's failure in this regard to timely pay UST fees constitutes a "failure to pay any fees or charges required under chapter 123 of title 28" pursuant to 11 U.S.C. § 1112(b)(4)(K). Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

**Cause Exists Under Section 11 U.S.C. §1112(b)(4)(A) because Debtors are unable to demonstrate a reasonable likelihood of reorganization.**

19. "Cause," as used in Section 1112(b)(4)(A), is defined in pertinent portions of Section 1112(b)(4) as . . .

(A) substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

20. Debtor's filed operating reports demonstrate that it is not woefully administratively insolvent and unable to fund a fair and equitable Plan to pay creditors, absent a sale of its assets. Further, a sale of the assets as presently being negotiated will not be sufficient to cover all administrative expenses and priority claims. Meanwhile, Debtor continues to accrue post-petition debt.

21. The Court should not allow Debtor to continue to operate and accrue even more debt.

22. Accordingly, there is cause to convert or dismiss this bankruptcy case pursuant to 11 U.S.C.§§1112(b).

**Once Cause is Established, Debtor has the burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C.§1112(b)(2).**

23. Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *See (In Sanders),* 2013 Bankr. LEXIS 4681 at *18-19. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances…that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C.§1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal

was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren)*, 2015 Bankr. LEXIS at *11-12 (B.A.P. 9 Cir. May 28, 2015). As noted, the debtor bears the burden of proving unusual circumstances are present in the case the render dismissal or conversion is not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

24. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Sections 1112(b)(2)(A)—(b)(2)(B). Section 1112(b)(2) provides:

> …*and* the debtor or any other party in interest establishes that— (A) There is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129 (e) of this title, or if such sections do not apply, within a reasonable period of time; *and* (B) The grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
> > (I) for which there exists a reasonable justification for the act or omission; *and*
> >
> > (ii) that will be cured within a reasonable period of time fixed by the Court.

11 U.S.C.§1112(b)(2) (emphasis added).

25. More importantly, the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc.* 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC.*, 448 B.R. 707, 717 (Bankr. D. Md. 2011). In addition, the Debtors must demonstrate that the relief requested in the Motion is not predicated upon Section 1112(b)(4)(A).

26. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

## CONCLUSION

**WHEREFORE**, the United States trustee moves the Court to either enter an order (a) converting this case to a chapter 7 proceeding; or (b) dismissing this case; and (c) granting such other relief as is just under circumstances.

    Respectfully submitted,
**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

**BY:** */s/ George M. Conway*
George M. Conway
Trial Attorney
200 Chestnut Street,
Suite 502, U S Customs House
Philadelphia, PA 19106
Phone: (215) 597-8418
Email: george.m.conway@usdoj.gov

Dated: March 22, 2021