

**Joseph N. Argentina, Jr.**
Counsel
joseph.argentina@faegredrinker.com
302-467-4226 direct

Faegre Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, Delaware  19801
+1 302 467 4200 main
+1 302 467 4201 fax

April 21, 2021

**VIA ECF**

The Honorable Ashely M. Chan

U.S. Bankruptcy Court for the Eastern District of Pennsylvania

Robert N.C. Nix Sr. Federal Courthouse

900 Market Street, Suite 204

Philadelphia, PA  19107

**Re: In re Vascular Centers, L.P., Case No. 19-17117 (AMC); Timing of Sanctions Adjudication**

Dear Judge Chan:

This letter brief is submitted as ordered on the issue of whether the Court has jurisdiction to hear the Motion[1] of William Whitfield Gardner ("**Gardner**"), majority limited partner of Vascular Access Centers, L.P. ("**Debtor**"), which seeks entry of an order pursuant to sections 105(a) of the Bankruptcy Code[2], and Bankruptcy Rule[3] 9011, imposing sanctions against Dr. James F. McGuckin ("**McGuckin**") and Philadelphia Vascular Institute, LLC ("**PVI**", and together with McGuckin, the "**Respondents**"), notwithstanding a formerly pending appeal ("**Appeal**") of the Court's order appointing a chapter 11 trustee ("**Trustee Order**") [Docket No. 235] before the United States District Court for the Eastern District of Pennsylvania ("**District Court**"). As the Court may be aware, the District Court dismissed the Appeal by order entered April 14, 2021, rendering the issue moot. As a result, the Court may proceed with adjudication of the Motion, and should do so to avoid piecemeal litigation and foster judicial economy in accordance with a supervisory rule adopted by the Third Circuit. Further, while the issue of the appeal that was pending when the Court ordered briefing has been mooted by dismissal of the appeal, even if the Respondents again appeal the Trustee Order following an unsuccessful motion to

---

[1] *Motion of Majority Limited Partner for an Order Imposing Sanctions Against Dr. James F. McGuckin and Philadelphia Vascular Institute, LLC* ("**Motion**") [Docket. No. 304].

[2] United States Code, 11 U.S.C. §§101-1532 (the "**Bankruptcy Code**").

[3] Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

reconsider the Trustee Order, such appeal would not divest this court of jurisdiction to adjudicate the Motion as explained below.

**BACKGROUND**

The Court is familiar with the background of this case and so only a general background plus certain relevant recent developments are described here. An involuntary bankruptcy petition was filed against the Debtor on November 12, 2019. Gardner immediately moved the Court for dismissal of the filing for bad faith or alternatively for the appointment of a chapter 11 trustee.[4] The basis for the Dismissal/Trustee Motion was that the filing was not done for any valid reorganization purpose, but instead had been filed to benefit the Debtor's then principal, McGuckin, in derivative litigation brought by Gardner and others on behalf of the Debtor. In furtherance of this scheme, McGuckin had gathered three purported creditors to sign the petition: PVI (an entity owned and controlled by McGuckin), Metter & Company (an accounting firm which receives a significant amount of its revenue from the Debtor and other McGuckin businesses), and Crestwood Associates, LLC (signed by its representative Brian McGuckin, McGuckin's brother) [Docket No. 1]. On November 13, 2019, the Debtor, then under McGuckin's total control, filed an Answer and Consent to the Involuntary Petition [Docket No. 3]. Gardner argued in the Dismissal/Trustee Motion that the filing was the latest of McGuckin's litigation delay tactics and other improper actions designed to benefit himself while providing little or no benefit to the Debtor, many of which form the basis of the claims asserted in the derivative action. The Court may recall McGuckin's frivolous litigation tactics in the derivative litigation had already been found sanctionable by the Pennsylvania Superior Court.

Following a day-long trial that included multiple witnesses and dozens of exhibits admitted into evidence, the Court granted the Dismissal/Trustee Motion by entering the Trustee Order on February 7, 2020. Shortly thereafter, Respondents appealed the Trustee Order.

In its opinion accompanying the Trustee Order, the Court invited interested parties to seek sanctions and threatened to do so itself in the absence of such action.[5] Gardner filed the Motion on March 20, 2020.

In its response to the Motion,[6] PVI argued, among other things, that the Court should not rule on the Motion while the Appeal was pending. PVI Response at 4-5. On April 24, 2020, the Court heard

---

[4] *Motion of Majority Limited Partner For Entry Of An Order Dismissing The Debtor's Involuntary Chapter 11 Case Pursuant to Section 1112(b) Of The Bankruptcy Code, With Prejudice, Or In The Alternative, Appointing A Chapter 11 Trustee Pursuant to Section 1104(a) of the Bankruptcy Code* [Docket No. 42] (the "**Dismissal/Trustee Motion**").

[5] "[U]nless an interested party files a motion for sanctions under, *inter alia,* Rule 9011 in a timely fashion, the Court will consider whether it would be appropriate to enter an order to show cause why certain parties or attorneys should not be subject to sanctions." Docket No. 234 at 27.

[6] *Philadelphia Vascular Institute, LLC's Objection to Motion of Majority Limited Partner for an Order Imposing Sanctions Against Dr. James McGuckin and Philadelphia Vascular Institute, LLC* ("**PVI Response**") [Docket No. 351].

argument from Gardner and Respondents[7] on the issue of whether a ruling on the Motion should be stayed until the District Court ruled on the Appeal, and decided to continue the hearing for roughly ninety days to July 22, 2020. Gardner understood the Court's decision was to delay adjudication of the Motion for a reasonably short time to give the District Court an opportunity to rule on the Appeal. Given this understanding and out of respect for the Court's wishes, Gardner consented to several further continuances of the hearing on the Motion. However, by March 2021, roughly a year had passed since the Court's ruling and the District Court had not yet issued any ruling on the Appeal. At a status conference on March 10, 2021, Gardner, now prejudiced by the lengthy delay, requested that the hearing go forward. The Court requested additional letter briefs on the timing/jurisdictional issue raised by Respondents last year.

McGuckin filed his brief on March 31, 2021 ("**McGuckin Brief**") [Docket No. 711]. PVI filed a joinder the same day, simply joining and incorporating the arguments made in the McGuckin Brief [Docket No. 712]. In his Brief, McGuckin argued that the issues raised in Gardner's Motion are "deeply intertwined with Dr. McGuckin's appeal that is pending before the Eastern District of Pennsylvania. Any decision on the Motions [sic] for Sanctions will almost certainly interfere with and/or undermine the appeal." McGuckin Brief at 1. Therefore, McGuckin urged the Court to delay holding an evidentiary hearing on the Motion until the matter could be heard on appeal.[8]

At the same time McGuckin was urging this Court to delay ruling on the Motion at least until the District Court ruled on the Appeal, he was simultaneously seeking to delay the District Court's adjudication of the Appeal. On April 6, 2021, McGuckin sent a letter to Judge Pratter urging her to abstain from ruling on the Appeal in light of alleged "new evidence" with which McGuckin would purportedly seek to supplement the appellate record. Gardner will address the merits of the "new evidence" when it is presented to the Court, but it will become clear to the Court when the evidence is presented that it has nothing to do with the basis for the Court's Trustee Order and was presented to the District Court solely to further delay McGuckin being held responsible for the harm he has caused the Debtor. Judge Pratter subsequently dismissed the Appeal on April 14, 2021 and remanded the matter to this Court for reconsideration of the Trustee Order in light of the alleged "new evidence." As a result, there is currently no pending appeal of the Trustee Order before the District Court.

ARGUMENTS

**1. The Court can adjudicate the Motion because the Appeal is moot, and should do so to further judicial economy and avoid piecemeal reviews of the Trustee Order and the Motion for Sanctions**

In light of the District Court's dismissal of the Appeal, the Respondents' argument that this Court should not rule on the Motion because it is divested of jurisdiction during the Appeal is now moot. That

---

[7] While only PVI raised the timing issue in its response, counsel to McGuckin also argued in favor of delaying a ruling on the Motion while the Appeal was pending.

[8] Notably, McGuckin did not request that the Court delay hearing on the Motion only until the District Court ruled on the Appeal. But instead urged the Court to delay to allow "the matter on appeal to be heard and decided." Presumably this proposed delay would continue until McGuckin exhausted all of his appellate rights, however long that may take.

said, the Court should rule expeditiously on the Motion to further the policies that underlie a supervisory rule adopted by the Third Circuit requiring a motion for sanctions be filed before entry of a final judgment in an action pending before a district court.

The Third Circuit, out of concern for the appropriate time for the filing and disposition of Rule 11 motions, crafted a "supervisory rule" that all motions requesting Rule 11 sanctions must be filed in the district court before the entry of a final judgment where such motions arise out of conduct that occurred prior to the final judgment. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 (3d Cir. 2008) (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988)). The Third Circuit adopted the rule to eliminate piecemeal review of the merits of a case and sanctions issues presented by the same case. *Simmerman v. Corino*, 27 F.3d 58, 63 (3d Cir. 1994). The timely disposition of sanctions motions "should conserve judicial energies." *Pensiero*, 847 F.2d at 99 ("Swift disposition of a Rule 11 motion is essential so that any ensuing challenge to it might be included with the appeal on the merits."). "[C]oncurrent consideration of the challenges to the merits and the imposition of sanctions avoids the invariable demand on two separate appellate panels to acquaint themselves with the underling facts and the parties' respective legal positions." *Id.*

In addition, the *Pensiero* court explained that prompt review would also serve judicial efficiency because "resolution of the issue before the inevitable delay of the appellate process will be more efficient because of current familiarity with the matter." *See Id.* Not only will prompt consideration of sanctions issues promote judicial economy, "but it many instances [it] will deter further violations of Rule 11 which might otherwise occur during the remainder of the litigation." *Id.* Concurrent review of the merits and a related sanctions motion is particularly appropriate in the context of a request for sanctions under Rule 9011 because such a motion "ordinarily will not include compensation for the entire case, but only for the expenses generated by the Rule violation" and "a trial court is best suited to rule on the propriety of conduct challenged in a Rule 11 motion at or near the time such conduct occurs." *In re Nicola*, 65 Fed. Appx. 759, 762 (3rd Cir. 2003) (quoting *Pensiero*, 847 F.2d at 98).

While it is unclear whether the supervisory rule applies in bankruptcy,[9] its policies of avoiding piecemeal appeals and promoting judicial efficiency would be furthered in this case by prompt adjudication of the Motion. The Appeal that was pending has been dismissed and remanded to this Court for reconsideration. If the Court denies reconsideration and Respondents again appeal the Trustee Order, granting the Motion now will permit all issues raised in the Trustee Order and the Motion to be heard by the District Court at once, furthering judicial economy. Conversely, if the Court does not adjudicate the Motion now and instead waits for Respondents' further appeal of the Trustee Order to run its course, then the appellate courts could be faced with the piecemeal litigation the supervisory rule seeks to avoid.

---

[9] The Third Circuit has expressly declined to decide whether the supervisory rule is applicable in bankruptcy cases in which sanctions are sought under Bankruptcy Rule 9011. *See Schaefer Salt*, 542 F.3d at 97. Even if it does apply in bankruptcy, the supervisory rule is not a bright line rule that must be rigidly enforced. *In re Nat'l Med. Imaging, LLC,* 570 B.R. 147, 166 (Bankr. E.D. Pa. 2017). Rather, it is intended to be a guide for litigants filing Rule 11 motions for sanctions, generally requiring them to do so as early as practicable. *In re Tobacco Road Assoc., L.P.*, Civil Action No. 06-CV-2637, 2007 WL 966507, at *22 (E.D. Pa. March 30, 2007).

Further, this Court is familiar with the issues raised in the Dismissal/Trustee Motion, the Trustee Order, and the Motion. Adjudication of the Motion now would avoid the risk that the Motion and any appeal thereof would be heard by another Bankruptcy Judge or different appellate judges. At a minimum, the issues could be heard months or years apart when the details are no longer fresh in the judges' memories. This is especially true given McGuckin's position that adjudication of the Motion should wait until all of his appellate rights are exhausted and in light of McGuckin's history of unending appeals and delay. Finally, failure to adjudicate the Motion now would permit McGuckin's sanctionable conduct to go unpunished for many more months or years, and likely encourage him to commit additional sanctionable conduct in connection with this chapter 11 case.

**2. The Court should adjudicate the Motion even if another appeal of the Trustee Order is filed or anticipated because sanctions motions may be heard during the pendency of an appeal of the judgment on the merits and are uniquely separable and collateral to the judgment on the merits**

While district courts have struggled to determine whether the filing of an appeal divests the court of jurisdiction to hear particular matters, the Third Circuit has found that motions for sanctions are excluded from this problem. As a general rule, the filing of a notice of appeal divests the original court of jurisdiction over the case pending disposition of the appeal. *Pensiero,* 847 F.2d at 97. The Third Circuit Court of Appeals wrote, "The rule is a judge-made, rather than a statutory, creation that is founded on prudential considerations. It is designed to prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously. As a prudential doctrine, the rule should not be applied when to do so would defeat its purpose of achieving judicial economy." *Id.*

There are a number of exceptions to the "divestment doctrine" described above. For example, a lower court may enforce or implement its order unless the appellant has obtained an order staying the underlying action pending appeal. *In re Pursuit Cap. Mgmt., LLC*, No. 14-10610 (LSS), 2017 WL 2537234, at *6 (Bankr. D. Del. June 9, 2017) (citing *In re Bd. Of Dirs. Of Hopewell Int'l Ins. Ltd.,* 258 B.R. 580, 583 (Bankr. S.D.N.Y. 2001); *Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.),* 652 F.2d 793, 798 (9th Cir. 1981)). The original court retains jurisdiction to issue orders staying, modifying or granting injunctions, to direct the filing of supersedeas bonds, and to issue orders affecting the record on appeal. *Pansiero*, 847 F.2d at 97. Bankruptcy courts are not divested of jurisdiction to decide issues and proceedings different from and collateral to those involved in the appeal. *Hopewell*, 258 B.R. at 583; *Pursuit*, No. 14-10610 (LSS), 2017 WL 2537234, at *6.

Determining what is related and unrelated to a pending appeal in a bankruptcy case is not always a simple task. *In re Whispering Pines Ests.*, Inc., 369 B.R. 752, 758 (B.A.P. 1st Cir. 2007); *see also Pursuit*, No. 14-10610 (LSS), 2017 WL 2537234, at *6 (surveying multiple examples of decisions); *In re Wonder Corp. of Am.*, 81 B.R. 221, 227 (Bankr. D. Conn. 1988) (finding bankruptcy court was divested of jurisdiction to hear sanctions motion against creditor in light of pending appeal of order denying

creditor's fee application).[10] That said, the Third Circuit Court of Appeals has expressly ruled that "a Rule 11 motion is 'uniquely separable' and collateral from the decision on the merits." *Pensiero*, 847 F.2d at 98. In that situation, a district court has jurisdiction to entertain a Rule 11 sanctions motion even while the underlying judgment on the merits is on appeal to the Third Circuit. *Id*.

The *Pensiero* court began its analysis by considering the analogous problem of whether the entry of a judgment on the merits in a district court becomes final before adjudication of a petition for statutory counsel fees. *Id*. at 97. A petition for counsel fees can be granted after an appeal on the merits has been taken. *Id*. (citing *West v. Keve*, 721 F.2d 91 (3d Cir. 1983)). The *West* court ruled, "Should the district court prefer to consider a fee application during a pending appeal on the predicate case, the district court is not divested of jurisdiction to determine the application." *West* 721 F.2d at 95 n. 5. In light of this precedent, the *Pansiero* court ruled that a district court is likewise not divested of jurisdiction to consider a Rule 11 sanctions motion during the pendency of an appeal on the merits of the underlying judgment. *Pansiero*, 847 F.2d at 98.

The court also reasoned that a district court retains jurisdiction to consider a Rule 11 sanctions motion during the pendency of an appeal on the merits because a sanctions motion is collateral to the appeal on the merits. *Id.* In support of that conclusion, the court followed the United States Supreme Court's decision in *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445 (1982). In that case, the Supreme Court ruled that a motion for statutory sanctions under 42 U.S.C. § 1988 "was collateral to the main cause of action." *Pansiero*, 847 F.2d at 98 (citing *White* 455 U.S. at 451-52). Because a motion for sanctions is "uniquely separable" and collateral from the decision on the merits, a district court has jurisdiction to entertain a Rule 11 motion for sanctions during the pendency of an appeal of the judgment on the merits. *Id*.

In this case, application of the divestment rule would defeat its purpose of achieving judicial economy. But more importantly (and simply), the Third Circuit decisions cited above clearly establish the Court's authority to hear and decide Gardner's Motion for sanctions.

Very truly yours,

*/s/ Joseph N. Argentina, Jr.*

Joseph N. Argentina, Jr., Esq.
Counsel

---

[10] The *Wonder Corp.* decision, on which McGuckin relies heavily, was issued before the Third Circuit's decision in *Pensiero*. While the *Wonder Corp.* decision was certainly not binding on this Court the day it was issued, the Third Circuit's subsequent decision in *Pensiero* severely undermines its persuasiveness.

April 21, 2021

JNA/aem

cc:   David P. Heim, Esq.
      David Smith, Esq.
      Christopher M. Hemrick, Esq.
         (Via E-Mail)