**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

Vascular Access Centers, L.P.**,**

Debtor.

Involuntary Chapter 11

Case No. 19-17117 (AMC)

**ORDER**

**AND NOW**, this _____ day of _____, 2021, in consideration of Vascular Access

Centers, LLC's and James F. McGuckin, M.D.'s Motion for the Court to Consider the

Deposition of John E. Royer and Related Evidence on Remand from the District Court, and all

papers in support thereof and in opposition thereto, it is hereby **ORDERED** that the Motion is

**GRANTED** and the Court's February 7, 2020 Order appointing a trustee and accompanying

Memorandum decision are **VACATED**.

_____
J.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

Vascular Access Centers, L.P.**,**

Debtor.

Involuntary Chapter 11

Case No. 19-17117 (AMC)

**VASCULAR ACCESS CENTERS, LLC'S AND JAMES F. MCGUCKIN, M.D.'S**
**MOTION FOR THE COURT TO CONSIDER THE DEPOSITION OF JOHN E. ROYER,**
**ESQUIRE AND RELATED EVIDENCE ON REMAND FROM THE DISTRICT COURT**

Vascular Access Centers, LLC ("VAC LLC") and James F. McGuckin, M.D. ("Dr.

McGuckin"), by their undersigned counsel, respectfully request that this Honorable Court vacate

its February 7, 2020 Order appointing a trustee and accompanying Memorandum decision in

light of recent Deposition Testimony of John E. Royer and Related Evidence that it was ordered

to consider on remand from the District Court.  As grounds for this Motion, VAC LLC and Dr.

McGuckin aver as follows:

**Introduction**

1.      New evidence refuting the conclusions underlying this Court's February 7, 2020

Order appointing a trustee only recently came into existence, and upon taking account of such

evidence, as under the District Court's remand order, this Court should vacate its February 7,

2020 Order and accompanying Memorandum decision.   While an appeal of this Court's

February 7 Order was pending, a deposition was taken in a related action ("Deposition,"

encompassing both the transcript and its exhibits) that resulted in surprising, highly pertinent

testimony.  VAC LLC and Dr. McGuckin moved the District Court to supplement the appellate

record, and the District Court, by its Amended Order and Memorandum of April 15, 2021 (filed

under seal and attached hereto as Exhibit "A"), remanded the appeal to this Court with a mandate

for it to consider the Deposition.  *See* Ex. A, District Court Memo. at 6 ("For the foregoing

reasons, the Court denies Appellants' Motion for Leave to Supplement the Record, dismisses the

appeal, and remands the case to the Bankruptcy Court to reconsider its order appointing a trustee

in light of the testimony of Mr. Royer.")

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

13. [redacted]

[REDACTED]

[REDACTED]

**Factual Background**

**VAC and Gardner's Motion.**

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

---

[1]    A demonstrative Exhibit, highlighting the relevant documentary evidence and juxtaposing same with testimony from the Royer deposition is attached as Exhibit "B."







[redacted]

[redacted]

[redacted]

[redacted]

---

2 [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

3 [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**WHEREFORE**, upon reconsideration of the Court's February 7, 2020 Order in light of

the Deposition, the Court should vacate that Order and the accompanying Memorandum

decision.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

*/s/ David P. Heim*

By:      _____

George Bochetto, Esquire
David P. Heim, Esquire

*Attorneys for VAC LLC and Dr. McGuckin*

Dated: <u>May 1, 2021</u>

## CERTIFICATE OF SERVICE

I, David P. Heim, Esquire, hereby certify that the foregoing *Motion for the Court to Consider the Deposition of John E. Royer, Esquire and Related Evidence on Remand from the District Court* has been served on counsel of record in this matter by way of the Court's ECF system.

**BOCHETTO & LENTZ, P.C.**

Dated:  <u>May 1, 2021</u>                    By:     */s/ David P. Heim, Esquire*
                                                            David P. Heim, Esquire