

faegredrinker.com

**Joseph N. Argentina, Jr.**
Counsel
joseph.argentina@faegredrinker.com
302-467-4226 direct

**Faegre Drinker Biddle & Reath** LLP
222 Delaware Avenue, Suite 1410
Wilmington, Delaware  19801
+1 302 467 4200 main
+1 302 467 4201 fax

July 1, 2021

**VIA ECF**

The Honorable Ashely M. Chan

U.S. Bankruptcy Court for the Eastern District of Pennsylvania

Robert N.C. Nix Sr. Federal Courthouse

900 Market Street, Suite 204

Philadelphia, PA  19107

**Re: In re Vascular Centers, L.P., Case No. 19-17117 (AMC); Timing of Sanctions and Reconsideration Adjudication, Mandamus Issues**

Dear Judge Chan:

This letter is submitted in connection with the scheduling of upcoming hearings ("**Hearings**") on the Sanctions Motion[1] of William Whitfield Gardner ("**Gardner**"), majority limited partner of Vascular Access Centers, L.P. ("**Debtor**"), and the Reconsideration Motion[2] of James F. McGuckin and Vascular Access Centers, LLC ("**McGuckin**"). Based on comments made at a prior hearing, McGuckin will likely seek to delay adjudication of the Motions by filing a petition for a writ of mandamus ("**Mandamus Petition**") with the United States Court of Appeals for the Third Circuit ("**Third Circuit**"), which McGuckin's counsel suggested would result in a stay of adjudication of the Motions pending the Third Circuit's ruling on the Mandamus Petition. Contrary to any such belief, the filing of a Mandamus Petition would not, in and of itself, stay any proceeding in this chapter 11 case. Instead, McGuckin would have to file a separate motion to stay seeking that relief. Such a filing should not delay the Hearings or any other matter in this case.

---

[1] *Motion of Majority Limited Partner for an Order Imposing Sanctions against Dr. James F. McGuckin and Philadelphia Vascular Institute, LLC* [Docket. No. 304] ("**Sanctions Motion**").

[2] *Vascular Access Centers, LLC's and James F. McGuckin, M.D.'s Motion for the Court to Consider the Deposition of John E. Royer, Esquire and Related Evidence on Remand from The District Court* [Docket No. 774] ("**Reconsideration Motion**", together with the Sanctions Motion, the "**Motions**").

ACTIVE.133552556.03

-2-                                                                                           July 1, 2021

The Court recently denied[3] McGuckin's latest delay tactic: a motion seeking to recuse your Honor from the Debtor's chapter 11 case.[4] The Recusal Order further provides that a hearing on the Sanctions and Reconsideration Motions will be scheduled at a hearing currently set for July 7, 2021. At a status conference on May 5, 2021, counsel to McGuckin announced he would file a Mandamus Petition following the Court's (presumably unfavorable) denial of the Recusal Motion, which counsel implied would stay proceedings in this case during the pendency of that petition. At McGuckin's counsel's request, the Court set a briefing schedule on the mandamus issues. *See* Docket No. 784 (setting briefing schedule). Notwithstanding the ordered schedule, McGuckin filed no brief on the mandamus issues.

McGuckin's decision to delay briefing the mandamus issues as per the Court's schedule was likely motivated by a desire to maximize the delay that would occur if McGuckin waited until after the Recusal Motion was decided. McGuckin has a long history of delaying judgments against him and so far has used these delay tactics to avoid paying a single penny out of his own pocket for his sanctionable conduct.  McGuckin's litigation delay tactics are amply evidenced by, among other things, his filing of an arbitration demand three days prior to the start of trial in the Derivative Litigation (as defined in the Recusal Order), his motion for reconsideration of an order denying his appeal later found by the Pennsylvania Superior Court to be frivolous, filed solely to delay, and sanctionable, and the orchestration of this involuntary chapter 11 case on the eve of the resulting hearing to determine the amount of those sanctions and the same day the Derivative Litigation was remanded by the Pennsylvania Supreme Court for a trial on the merits.  McGuckin's misconduct in orchestrating the involuntary chapter 11 case led the Court to write it would consider issuing an order to show cause why McGuckin and/or others should not be sanctioned unless a party filed a sanctions motion first.[5]  Gardner filed the Sanctions Motion on March 20, 2020 – more than fifteen months ago – and he is still waiting for a hearing on that motion thanks to, among other things, McGuckin's frivolous recusal motion.  Given his well-established pattern of conduct, McGuckin is likely to file the Mandamus Petition now or on the eve of Hearings on the Motions.

The filing of a Mandamus Petition does not automatically stay any matter in this chapter 11 case. A movant that seeks to appeal an order denying recusal of a district court judge or bankruptcy court judge may file a petition with the Third Circuit seeking a writ of mandamus.[6] *See Alexander v. Primerica*

---

[3] *Order* [Docket No. 841] and accompanying *Memorandum Opinion* [Docket No. 840] (together, the "**Recusal Order**").

[4] *Vascular Access Centers, LLC's And James F. McGuckin, M.D.'s Motion Seeking Recusal of Honorable Ashley* [sic] *M. Chan* [Docket No. 758] ("**Recusal Motion**").

[5] *See* Opinion [Dkt. No. 234] at 27.

[6] A writ of mandamus is issued under the 28 U.S.C. § 1651, which provides:

> § 1651. Writs
>
> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C.A. § 1651 (2021).

July 1, 2021

*Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993); *In re Marasek*, 537 F. App'x 20, 21 (3d Cir. 2013). Proceedings are not automatically stayed while a party petitions for a writ of mandamus from an appellate court. *See In re Whitchurch*, 639 F. App'x 76, 77 (3d Cir. 2016) (describing continuing proceedings in the district court, including ruling on motion for summary judgment, while petition for writ of mandamus was pending in the Third Circuit); *see also McGuire v. Warner*, No. 05-40185, 2009 WL 3823038, at *2 (E.D. Mich. Nov. 12, 2009) ("Numerous decisions … reflect that the filing of a petition for a writ of mandamus does not operate as an automatic stay of proceedings in the district court.") (collecting cases).

To stay proceedings in the lower court while a Mandamus Petition is pending, a petitioner must file a motion seeking such a stay. *See Svindland v. Nemours Found.*, No. CIV. A. 05-417, 2009 WL 2603183, at *1 (E.D. Pa. Aug. 21, 2009) (party seeking mandamus from Third Circuit filed separate motion in district court for stay of district court proceedings until Third Circuit ruled on mandamus); *In re Actavis Holdco U.S., Inc.*, No. 19-3549, 2019 WL 8437021, at *2 (3d Cir. Dec. 6, 2019), cert. denied sub nom. *Actavis Holdco U.S., Inc. v. Connecticut*, 141 S. Ct. 124, 207 L. Ed. 2d 1072 (2020) (denial of petition for mandamus resulted in denial of separate motion seeking stay as moot); *In re Timm*, 740 F. App'x 23, 24 (3d Cir. 2018) (same).

In this case, if McGuckin files a Mandamus Petition, other matters in this case will not be automatically stayed. To obtain a stay of any matter in this case, McGuckin will need to file a separate motion requesting a stay.[7] The Court need not, and should not, delay scheduling the Hearings to address any motion filed by McGuckin requesting a stay. McGuckin can file a stay motion far enough in advance of the Hearings so that the stay motion could be heard with the Motions.

No stay request or motion from McGuckin should delay the Hearings. McGuckin's willingness to engage in frivolous litigation delay tactics is well-established. McGuckin successfully avoided and delayed the sanctions hearing scheduled for November 13, 2019 and stalled the entire Derivative Litigation for almost two years by orchestrating the fraudulent involuntary bankruptcy petition in this

---

[7] While not relevant for the scheduling issues addressed in this letter, in considering whether to grant a requested stay pending a petition seeking a writ of mandamus, courts consider the following factors:

    1. the likelihood that the petitioner will prevail on the merits of the petition;

    2. whether there will be irreparable injury to the petitioner unless a stay is granted;

    3. whether there will be substantial harm to other interested parties; and

    4. the public interest.

*United States v. Fiumara*, 605 F.2d 116, 117 (3d Cir. 1979) (applying the same factors whether the petitioner sought appeal or writ of mandamus); *Sloan v. BorgWarner, Inc.*, No. CIV. 09-CV-10918, 2009 WL 2524750, at *2 (E.D. Mich. Aug. 14, 2009); *Citizens for Resp. & Ethics in Washington v. Cheney*, 580 F. Supp. 2d 168, 177 (D.D.C. 2008); *see also In re Martinez*, 778 F. App'x 198, 200 (3d Cir. 2019) (court denied a stay motion after denying petition for mandamus, citing *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015), which listed the above factors in the context of a bankruptcy appeal). Should McGuckin file an appropriate motion seeking a stay pending disposition of a Mandamus Petition, none of these factors favor granting such a stay.

July 1, 2021

case.  While the US Trustee's office concluded that McGuckin acted in bad faith, resulting in its motion to dismiss the case, and the Court found McGuckin's conduct "horrifying," McGuckin has faced no consequences as a result of the fraud he perpetrated on this bankruptcy court and other abusive litigation tactics. Enabling further delay only encourages further abuse.  Gardner respectfully requests the Court move forward expeditiously with the Hearings.

Very truly yours,

*/s/ Joseph N. Argentina, Jr.*

Joseph N. Argentina, Jr., Esq.
Counsel

JNA

cc:    George Bochetto, Esq.
       David P. Heim, Esq.
       David Smith, Esq.
       Christopher M. Hemrick, Esq.
         (Via E-Mail)