# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 19-17117 (AMC) |
| Vascular Access Centers, L.P., | Chapter 11 |
| Debtor. | |

## ORDER

AND NOW, this 29th day of September 2021, upon consideration of John E. Royer, Jr.'s ("Royer") Emergency Motion to Quash Subpoena ("Motion to Quash"), it is hereby ORDERED that based upon (a) the failure of Dr. James McGuckin ("McGuckin") to properly serve a subpoena demanding Royer's presence at the September 30, 2021 hearing on McGuckin's motion to vacate this Court's February 7, 2020 order appointing a trustee ("Motion to Vacate") on Royer personally[1] with a reasonable amount of time to comply[2] and (b) the irrelevance of further testimony from Royer to resolving the Motion to Vacate,[3] the Motion to Quash is

---

[1] Instead, the subpoena was delivered via Fed-Ex to a receptionist at Royer's law office instead of Royer personally. Mot. to Quash Ex. B. Fed. R. Civ. P. 45(b)(1) ("Rule 45") requires that the subpoena be personally delivered to the named person.

[2] McGuckin has known since August 4, 2021 when this Court issued its order governing procedures regarding the evidentiary hearings on the Motion to Vacate that the hearing on the Motion to Vacate was set for September 30, 2021 yet did not serve a subpoena for Royer to appear at that hearing until Friday afternoon on September 24, only four business days prior to the hearing. Case No. 19-17117 ECF 881, 883; Mot. to Quash Ex. A, B. Under the circumstances, four business days does not provide Royer or his counsel with reasonable time to prepare for the hearing or refrain from scheduling other obligations for that date, justifying the Court quashing the subpoena for it leaving Royer and his counsel insufficient time to comply pursuant to Rule 45(d)(3)(A)(i).

[3] In considering whether a subpoena may be quashed for placing an undue burden on a non-party, pursuant to Rule 45(d)(3)(A)(iv), courts may consider relevance and the requesting party's need for the testimony/evidence. *United States v. Massimino*, 368 F. Supp. 3d 852, 855 (E.D. Pa. 2019). Here, McGuckin's Motion to Vacate requests the Court vacate its order appointing a trustee based upon the discovery of new evidence – deposition testimony given by Royer in March 2021 in a legal malpractice action brought against him by McGuckin purporting to recant certain statements Royer had made in an affidavit in 2018 in connection with litigation which some of the limited partners of Vascular Access Centers, L.P. ("VAC") had initiated against VAC's general partner and McGuckin on VAC's behalf ("Derivative Litigation") concerning whether a certain provision in VAC's limited partnership agreement permitted McGuckin to compete with VAC, whether Royer recalled McGuckin requesting to include a provision in the limited partnership agreement permitting him to compete, and regarding his availability for a hearing in the Derivative Litigation on the 2018 affidavit. The Motion to Vacate is based entirely on the March 2021 deposition,

1

GRANTED; the subpoena issued to Royer by McGuckin to attend the hearing on September 30, 2021 is QUASHED; and the hearings scheduled for the Motion to Vacate and for William Whitfield Gardner's Motion for Sanctions will proceed as scheduled on September 30, 2021 and October 1, 2021 without Royer's participation.

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge

---

arguing that this deposition undermines certain conclusions the Court made in connection with its order appointing a trustee. Mot. to Vacate ¶¶ 1-13. The Court has the deposition and the 2018 affidavit, making further testimony from Royer unnecessary and irrelevant. Additional testimony from Royer simply would have no bearing on whether the March 2021 deposition undermines the Court's conclusions reached in connection with its order appointing a trustee.