**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>VASCULAR ACCESS CENTERS, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-17117 (AMC)<br><br>**Hearing Date: December 8, 2021 at 12:30 p.m. (ET)**<br>**Objection Deadline: November 22, 2021** |

**TRUSTEE'S MOTION FOR AUTHORITY TO SETTLE CLASSES OF PREFERENCE CLAIM CONTROVERSIES PURSUANT TO RULE 9019(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Stephen V. Falanga, in his capacity as chapter 11 trustee (the "**Trustee**") for the bankruptcy estate of the above-captioned debtor (the "**Debtor**"), by and through his undersigned counsel, files this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, for authority to settle classes of preference claim controversies pursuant to Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. This matter is a "core" proceeding which may be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to Local Rule 9014-3(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court Eastern District of Pennsylvania, the Trustee does consent to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

1

5.       The statutory and legal predicates for the relief sought herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Bankruptcy Rule 9019.

## BACKGROUND

6.       On November 12, 2019 (the "**Petition Date**"), an involuntary chapter 11 petition was filed against the Debtor. The Debtor consented to the relief [D.I. 3] and an order for relief was entered on November 25, 2019 [D.I. 46] (the "**Relief Date**").

7.       On November 22, 2019, William Whitfield Gardner, the Debtor's majority limited partner, filed the *Motion of Majority Limited Partner for Entry of an Order Dismissing the Debtor's Involuntary Chapter 11 Case Pursuant to Section 1112(b) of the Bankruptcy Code, With Prejudice, or, in the Alternative, Appointing a Chapter 11 Trustee Pursuant to Section 1104(a) of the Bankruptcy Code* [D.I. 52].

8.       On February 7, 2020, following a hearing on Gardner's motion, the Court issued an opinion and entered an order for the appointment of a chapter 11 trustee [D.I. 235].

9.       On February 12, 2020, an order was entered approving the Trustee's appointment as chapter 11 trustee [D.I. 245].

10.      The Trustee and his professionals have reviewed the transfers made by the Debtor on or within (i) the 90 days (and one year for insiders) before the Petition Date and (ii) the 14-day period between the Petition Date and the Relief Date and have identified potential avoidance action claims (the "**Avoidance Actions**") pursuant to sections 544, 547, 548, 549, and/or 550 of the Bankruptcy Code. The statutory deadline for commencing Avoidance Actions under 11 U.S.C. § 546 is November 25, 2021 (the "**546 Deadline**"). *See* 11 U.S.C. § 546(a)(1)(A) ("An action or

proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced . . . 2 years after the entry of the order for relief . . . .").

11.  In October 2021, the Trustee issued a number of demand letters to the potential defendants of the Avoidance Actions and has engaged in discussions with certain of the potential defendants. To date, the Trustee has reached settlements with a number of the potential defendants and has filed a motion seeking approval of such settlements contemporaneously herewith. While the Trustee anticipates filing a number of adversary proceedings ahead of the approaching 546 Deadline, he likewise expects to settle many more potential Avoidance Actions, be it before or after that deadline lapses.

### RELIEF REQUESTED

12.  By this motion, the Trustee seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), approving the proposed Settlement Procedures (defined herein) in connection with the prosecution of the Avoidance Actions pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b).

### The Proposed Settlement Procedures

13.  The Trustee anticipates that the net benefit to the Debtor's estate will be maximized by having the ability to compromise the vast majority of the Avoidance Actions rather than incurring the time, expense, and uncertainty of litigating them to judgment. Possible considerations for compromise include but are not limited to the following:

    a. errors and omissions in the Debtor's books and records;

    b. new value as made applicable pursuant to 11 U.S.C. § 547(c)(4) documented by defendants;

    c. ordinary course of business defense as made applicable pursuant to 11 U.S.C. § 547(c)(2);

    d. contemporaneous exchange for the value defense as mad applicable pursuant to 11 U.S.C. § 547(c)(1);

    e. risk of not prevailing in litigation;

    f. cost of litigating claims to judgment;

    g. risk of collection of any judgment; and

    h. the desirability of concluding contested matters by compromise and settlement.

14. Because of the number of potential defendants, the need to promptly and efficiently resolve these Avoidance Actions, and the various reasons that may support a determination to compromise, the Trustee hereby seeks entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b), establishing the following procedures to permit the Trustee to compromise and settle Avoidance Actions on an expedited basis (the "**Settlement Procedures**"). The Settlement Procedures establish "tiered" notice requirements based on the size of the potential Avoidance Action:

    **a. Avoidance Actions with Gross Transfers Sought Less Than $100,000:**

    The Trustee will be free to consummate settlements in this class in his business judgment without further leave of the Court or additional notice to the parties that have been served with this Motion;

    **b. Avoidance Actions with Gross Transfers of $100,000 to $250,000:**

    The Trustee will be free to consummate settlements in this class in his business judgment by filing a Notice of Settlement with the Court, without further hearing, unless an objection is filed to the Notice of Settlement. The Notice of Settlement may include multiple settlements in one notice, and will provide an objection deadline of ten (10) days from the date of filing the Notice of Settlement. The notice of electronic filing of Notice of Settlement issued through the Court's Electronic Filing

4

System shall constitute adequate and sufficient service of the Notice of Settlement. If an objection is filed, the objecting party and Trustee shall confer and, should the objection not be resolved, set the objection for hearing at the next regularly-scheduled omnibus hearing.

### c. Avoidance Actions with Gross Transfers Greater Than $250,000:

With regard to any Avoidance Action in which the gross transfers are $250,000 or greater, the Trustee shall seek Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019(a), or on such notice as is provided for in the plan or in documents governing any trust to which the Avoidance Actions may be transferred.

15. Rather than burden this Court and the Debtor's estate with the administrative expenses of presenting a motion to compromise a claim each time the Trustee believes it appropriate to do so, the Trustee proposes that this Court approve the notice and Settlement Procedures pursuant to Bankruptcy Rule 9019(b). The Trustee submits that the settlement parameters requested herein are in the best interest of the Debtor's estate because the time and expense of seeking Court approval with respect to each and every settlement would significantly diminish the estate's net recovery on the Avoidance Actions.

## BASIS FOR RELIEF REQUESTED

**A. Bankruptcy Rule 9019(b) and Bankruptcy Code Sections 105(a) and 363(b) Authorize Entry of the Proposed Order.**

16. Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Bankruptcy Rule 9019(b) provides an exception to this procedure:

> (b) Authority to Compromise or Settle Controversies Within Classes. After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes *without further hearing or notice*.

Fed. R. Bankr. P. 9019(b) (emphasis added).

5

17. Compromises are favored by bankruptcy courts. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judgment to approve or disapprove a compromise...rests in the sound discretion of the judge."). Under Bankruptcy Rule 9019(a), the Court has the authority to approve a settlement if it is fair and equitable and in the best interests of the estate. *See In re Louise's Inc.*, 211 B.R. 798 (D. Del. 1997); *Fischer v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997). In considering whether to approve a compromise or settlement, a court must assess and balance the value of the claim that is being compromised against the value of the estate of accepting the compromise. *Myers v Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Among other things, a bankruptcy court should consider a balance between likelihood of success compared to present benefits, prospect of protracted litigation if not approved, and the extent to which settlement is the product of arm's length bargaining. *Fischer v. Pereira*, 209 B.R. at 620. "Ultimately, the court must determine whether the settlement falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010). With respect to any proposed settlement that the Trustee seeks to enter into under the proposed Settlement Procedures, the Trustee may weigh, for example, the merits of the transferee's defenses to the Avoidance Actions, the risk to the Debtor's estate if the Avoidance Actions were litigated, and the expense the Debtor's estate would likely incur in connection with such litigation.

18. Bankruptcy Rule 9019(b) supports approval of the Settlement Procedures. Specifically, Bankruptcy Rule 9019(b) provides that the Court may authorize a debtor to settle certain classes of controversies without requiring separate notice and a hearing with respect to each separate controversy. As set forth in the Advisory Committee Note to the original enactment of this Rule, subdivision (b) permits a court to deal efficiently with a case that may involve a large

number of settlements. *In re NJ Affordable Homes Corp.*, 05-60442, 2007 WL 3166950, *11 (Bankr. D.N.J. Oct. 22, 2007) (citing and discussing Advisory Committee Note). The subdivision was intended to address situations in which compliance with the requirements of subdivision (a) would not be practical or efficient. *Id.* It is also intended to address situations—such as the filing of a large number of preference complaints against many defendants here—which may involve similar issues and seek recovery of relatively small amounts. *See* 10 COLLIER ON BANKRUPTCY ¶ 9019.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev). In such a scenario, filing a new motion every time a settlement is reached would be expensive and burdensome to the estate.

19.  This Court and courts in the Third Circuit generally have previously employed Bankruptcy Rule 9019(b) to enter order approving modified settlement procedures for avoidance action and other claims and causes of action. *See, e.g.*, *In re Cherry Bros., LLC*, Case No. 19-11644 (AMC) (Bankr. E.D.P.A. April 15, 2020) (order establishing procedures for the settlement of avoidance actions by classes and without court approval); *In re Clad-Tex Metals, Inc.*, Case No. 04-33915 (SR) (Bankr. E.D.P.A. May 18, 2007) (establishing procedures for the settlement of avoidance actions by classes); *In re Fresh & Easy, LLC*, Case No. 15-12220 (BLS) (Bankr. D. Del.) (October 26, 2016) (establishing procedures for the settlement of avoidance actions by tiers); *In re Kid Brands, Inc.*, Case No. 14-22582 (Bankr. D.N.J. Sept. 6, 2014) (entering order granting motion to modify settlement procedures of avoidance actions); *In re NewPage Corporation, et al.*, Case No. 11-12804 (KG) (Bankr. D. Del.) (Sept. 20, 2013) (establishing procedures for the settlement of various adversary actions); *In re NJ Affordable Homes Corp.*, 2007 WL 3166950 at *13 (determining the case would best be served by allowing the settlement of classes of controversies without further notice and hearing).

20. Additionally, section 363(b)(1) of the Bankruptcy Code allows a trustee to use assets outside of the ordinary course of business, including for settlement purposes, after notice and hearing. 11 U.S.C. § 363(b)(1). To obtain court approval of a use of property under section 363(b), a trustee need only show a legitimate business justification for the proposed action. *See, e.g.*, *In re Martin*, 91 F.3d at 395 (noting that under normal circumstances, courts defer to a trustee's judgment concerning use of property under section 363(b) when there is a legitimate business justification) (internal citations omitted); *Computer sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003) ("As applied in the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction."); *In re Delaware and Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991) (noting that the Third Circuit has adopted the "sound business judgment" test for use of property under section 363(b) of the Bankruptcy Code).

21. Providing the Trustee with the authority to settle numerous claims in an efficient and economic manner is clearly beneficial to the Debtor's estate and will assist the Trustee in his efforts to deliver maximum value to all stakeholders. The Settlement Procedures will allow the Trustee to avoid the time and expense of drafting, filing, and arguing separate Bankruptcy Rule 9019 motions on account of settlements involving recovery amounts that are comparatively small. The Settlement Procedures will also reduce the burden on the Court's docket while protecting the interests of all creditors through the notice and objection procedures described herein. Thus, section 363(b) of the Bankruptcy Code supports the establishment of the Settlement Procedures.

22. Further, section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order...that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a).

8

23. Here, the establishment of these Settlement Procedures is supported by a legitimate business justification and is in the best interests of the Debtor's estate and creditors. Specifically, the Settlement Procedures will: (a) facilitate the prompt monetization of the Avoidance Actions; and (b) minimize the administrative expense and procedural burdens associated with obtaining approval of numerous settlements of Avoidance Actions, while preserving fundamental checks on the reasonableness of such settlements.

## NOTICE

24. Notice of this Motion has been provided to: (i) the Debtor; (ii) the Office of the United States Trustee; (iii) the 20 largest unsecured creditors; and (iv) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the proposed Settlement Procedures.

Dated: November 8, 2021

BAYARD, P.A.

*/s/ Evan T. Miller*
Evan T. Miller, Esq.
Steven D. Adler, Esq.
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email:   emiller@bayardlaw.com
             sadler@bayardlaw.com

*Counsel to Stephen V. Falanga in his Capacity as Chapter 11 Trustee*