UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>**Vascular Access Centers, L.P.,**<br><br>Debtor. | Hon. Ashely M. Chan<br><br>Involuntary Chapter 11<br><br>Case No. 19-17117 (AMC) |

### SUPPLEMENTAL APPLICATION FOR SANCTIONS AMOUNT

William Whitfield Gardner ("**Gardner**"), the majority-in-interest limited partner of Vascular Access Centers, L.P. ("**VAC**" or "**Debtor**"), the debtor in the above-captioned case, and movant of the *Motion of Majority Limited Partner for an Order Imposing Sanctions against Dr. James F. McGuckin and Philadelphia Vascular Institute, LLC* [Docket. No. 304] ("**Sanctions Motion**"), by and through his undersigned counsel, hereby submits this Supplemental Application for Sanctions Amount ("**Supplemental Application**") as ordered by this United States Bankruptcy Court for the Eastern District of Pennsylvania ("**Court**"), and in support thereof submits the Supplemental Declaration of Richard E. Coe ("**Supplemental Coe Declaration**") filed contemporaneously herewith, and respectfully states as follows:

1.  On October 28, 2021, the Court found that Dr. James F. McGuckin ("**McGuckin**") and Philadelphia Vascular Institute, LLC ("**PVI**") orchestrated the filing of a bad faith involuntary chapter 11 bankruptcy petition against VAC in order to delay derivative litigation initiated on behalf of the Debtor by Gardner and others against the Debtor's general partner and McGuckin, the general partner's sole member and manager. *Order* (Oct. 28, 2021) [Docket No. 947] ("**Sanctions Order**").

1

2. In the Sanctions Order, the Court directed Gardner to "submit an application, including relevant timesheets and expenses incurred by Gardner's counsel, on or before November 29, 2021, in connection with the Court's determination of the reasonableness of the attorneys' fees and costs sought by Gardner in connection with the Sanctions Motion." Sanctions Order at 3.

3. In accordance with the Sanctions Order, Gardner filed the *Application for Sanctions Amount* ("**Initial Application**") on November 29, 2021. *See* Docket No. 1015. In support of the Initial Application, Gardner submitted the Declaration of Richard E. Coe ("**Initial Coe Declaration**").

4. As set forth in the Initial Application and Initial Coe Declaration, Gardner had incurred an amount not less than $2,509,834.76 in reasonable fees and expenses dealing with the consequences of McGuckin's orchestration of the bad faith bankruptcy filing as of October 31, 2021. Gardner requested entry of an order, substantially in the form of the proposed order submitted with the Initial Application (1) ordering McGuckin and PVI to immediately pay to Gardner $2,509,834.76, plus such other reasonable costs, including attorneys' fees and expenses, incurred by Gardner in responding to the bad faith involuntary bankruptcy petition in this case, plus interest at the legal rate post-judgment until payment in full is made, and (2) ordering the clerk of the Court to enter a judgment against McGuckin and PVI, jointly and severally, and in favor of Gardner, in the same amount.

5. McGuckin/PVI objected to the Initial Application on January 3, 2022 ("**Objection**"). *See* Docket No. 1032. Gardner filed a reply to the Objection on January 17, 2022 ("**Reply**"). *See* Docket No. 1034.

ACTIVE.135633624.04

6. The Court held a hearing on the Initial Application on February 10, 2022, and entered an Order directing Gardner to submit revised time entries limited to the following six categories ("**Supplemental Order**") [Docket No. 1079]:

(1) Fees and expenses incurred from the petition date through February 7, 2020;

Those incurred in connection with:

(2) Dr. James McGuckin's resignation from his position as former CEO of the Debtor and withdrawal of Vascular Access Centers, LLC as the Debtor's general partner subsequent to the hearing on February 6, 2020;

(3) Gardner's motion for sanctions against McGuckin and PVI;

(4) The District Court appeal[1] of the Court's order granting Gardner's motion to appoint a chapter 11 trustee ("**Trustee Order**");

(5) McGuckin's motion seeking the Court's recusal;[2] and

(6) McGuckin's motion seeking reconsideration of the Trustee Order.

Supplemental Order at 1.

7. Attached to the Supplemental Coe Declaration are exhibits containing the time entries and expense details incurred by Gardner as of December 31, 2021, limited to and broken down into the six categories listed above (collectively, the "**Revised Fee and Expense Details**").

8. The Revised Fee and Expense Details address certain of the issues raised in the Objection. Specifically, nearly all of the narratives that contained multiple tasks—so called

---

[1] McGuckin initiated a second appeal of the Trustee Order, which is currently pending before the District Court. *See Vascular Access Centers, LLC and McGuckin v. Gardner*, Civil Case No. 21-cv-5051 (E.D. Pa.). The Revised Fee and Expense Details include fees and expenses incurred with this second, ongoing appeal.

[2] The time entries in this category include amounts incurred responding to McGuckin's appeal of the order denying recusal by filing a petition seeking a writ of mandamus from the Third Circuit Court of Appeals.

"block billed" entries—have been revised to include time spent for each task.[3] None of the Revised Fee and Expense Details are redacted.

9. Gardner incurred and paid a total of $1,480,029.35 in fees and expenses in the six categories identified by the Court and listed above. For the reasons stated in the Initial Application and Reply, the Initial Coe Declaration, and the Supplemental Coe Declaration, the fees and expenses detailed in the Revised Fee and Expense Details are reasonable and should be included in their entirety in the sanctions award against McGuckin and PVI.

10. Gardner requests the Court enter an order against McGuckin and PVI, substantially in the form attached as "Exhibit B" hereto. The revised proposed form of order is substantially identical to the proposed form of order submitted with the Initial Application. The only change is that the amount listed in the proposed form of order submitted with the Initial Application has been removed.

Dated: March 10, 2022

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Joseph N. Argentina, Jr.*
Joseph N. Argentina, Jr.
Richard E. Coe (admitted *pro hac vice*)
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Phone: (215) 988-2700
Fax: (215) 988-2757
Joseph.Argentina@faegredrinker.com
Richard.Coe@faegredrinker.com

-and-

Brian P. Morgan (admitted *pro hac vice*)
1177 Avenue of the Americas, 41st Floor
New York, NY 10036

---

[3] Faegre Drinker personnel broke down the "block billed" entries by, among other things, comparing tasks with corresponding entries by other timekeepers engaged in the same activity, reviewing contemporaneous records, and making good faith estimates based on typical times needed for particular tasks. Supplemental Coe Declaration at ¶ 5.

4

Phone: (212) 248-3140
Fax: (212) 248-3141
Brian.Morgan@faegredrinker.com

*Counsel for William Whitfield Gardner*

5

ACTIVE.135633624.04