**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| **VASCULAR ACCESS CENTERS LP** | : | |
| | : | **Case No. 19-17117-AMC** |
| Debtor. | : | |
| | : | |
| | : | |

**MOTION OF SAUL EWING LLP FOR
ALLOWANCE OF AN ADMINISTRATIVE EXPENSE**

Saul Ewing LLP ("Saul Ewing"), by and through its undersigned counsel, hereby files this motion for allowance of an administrative expense (the "Motion") and states as follows:

**I.   JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(O).

2.   The statutory predicates for the relief requested herein are Sections 105, 503 and 507 of Chapter 11 of Title 11 of the United States Code and L.B.R. 3002-2 of the Local Rules of Bankruptcy Procedure.

3.   Movant consents to the entry of a final order judgment by the court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**II.   FACTUAL BACKGROUND**

4.   On November 12, 2019, an involuntary petition was filed against Debtor Vascular Access Centers LP.

5.   On November 13, 2019, the Debtor consented to the entry of an order for relief and such order was entered on November 25, 2019, commencing the instant case.

51029278.2

6. On February 7, 2020, the Court issued an Opinion and entered an Order appointing Stephen V. Falanga as chapter 11 trustee (the "Chapter 11 Trustee"). [D.I. 235].

7. On February 24, 2020, the Court entered the *Order Authorizing Retention and Compensation of Certain Professional Utilized in the Ordinary Course of Business* (the "OCP Order"). [D.I. 258]. Pursuant to the OCP Order, the Debtor was authorized to employ certain ordinary-course professionals by the filing of a declaration, and to pay those professionals in the ordinary course up to a capped amount without further order of the Court.

8. On May 29, 2020, the Chapter 11 Trustee filed the *Declaration of Christopher R. Hall in Support of Retention of Saul Ewing LLP as Ordinary Course Professional*. [D.I. 379]. Pursuant to this declaration, Saul Ewing was to provide "healthcare and government litigation counsel to the Debtor and advise on matters involving regulatory issues, HIPAA compliance, the Debtor's Medicare repayment obligations, the possible renegotiation of those obligations, and the Debtor's False Claims Act exposure" as an ordinary course professional pursuant to the OCP Order.

9. No party objected to Saul Ewing's employment pursuant to the OCP Order, and Saul Ewing was duly retained as an ordinary course professional. During the pendency of the chapter 11 case, Saul Ewing provided the legal services for which it was employed and retained.

10. Saul Ewing was not paid in full in the ordinary course. The amount due and owing to Saul Ewing totals $133,751.70 on account of the legal services invoiced as described on the statement of account[1] attached as **Exhibit A**.

11. On March 8, 2023, the Court entered an order converting the case to chapter 7 and appointing Stephen V. Falanga as the chapter 7 trustee (the "Trustee"). See [D.I. 1257].

---

[1] The underlying invoices are voluminous and contain privileged or confidential material, and are available upon request to Saul Ewing's counsel, subject to the consent of the Trustee.

2

12. The Trustee filed a notice of assets on August 14, 2023 designating this as an asset case. [D.I. 1319].

13. Saul Ewing files this Motion for allowance of an administrative expense for its legal services on behalf of the Debtor not paid in the ordinary course.

### III. RELIEF REQUESTED

**A. Allowance of Administrative Expense**

14. Pursuant to 11 U.S.C. §503(b)(1)(a), the "actual, necessary costs and expenses of preserving the estate" shall be allowed as an administrative expense.

15. These allowed administrative expenses have priority of payment over unsecured claims pursuant to 11 U.S.C. §§ 507(a)(2), 726(a)(1).

16. "In determining whether a claim is entitled to administrative status under section 503(b)(1)(A), courts apply a two-part test: '(1) there must be a post-petition transaction between the creditor and the [estate]; and (2) the estate must receive a benefit from the transaction." In re Goody's Family Clothing, Inc., 443 B.R. 5, 19 (Bankr. D. Del. 2010); In re Energy Future Holdings Corp., 990 F.3d 728, 741 (3d Cir. 2021) (same).

17. "An ordinary course professional is a disinterested person or entity employed to represent or assist the trustee in carrying out the trustee's duties under the Bankruptcy Code. 11 U.S.C. § 327(a). Pursuant to 11 U.S.C. § 328(a), such professionals may be compensated for their post-petition services." Ryan, Inc. v. Circuit City Stores, Inc., 2010 U.S. Dist. LEXIS 120627, at *2-3 n.1 (E.D. Va. Nov. 15, 2010); see also In re BI-LO, LLC, 2010 Bankr. LEXIS 4628, at *46 (Bankr. D.S.C. Aug. 5, 2010) (approving ordinary-course counsel fees).

18. Here, Saul Ewing was a properly-employed ordinary course professional pursuant to the OCP Order.

19. Saul Ewing provided valuable legal services to the estate, counselling the Debtor and Chapter 11 Trustee on regulatory compliance and other issues in order to prevent unnecessary liability to the estate. Saul Ewing's postpetition legal services were actual and necessary to the preservation of the estate.

20. Saul Ewing is entitled to an allowed administrative expense of $133,751.70.

## IV. CONCLUSION

For the foregoing reasons, Saul Ewing LLP requests the entry of an order granting an allowed administrative expense of expense of $133,751.70.

Dated: October 4, 2023                    SAUL EWING LLP

*/s/ Turner N. Falk*
Turner N. Falk, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Office: (215) 972-7777
Fax: (215) 972-7725
turner.falk@saul.com

*Counsel for Saul Ewing LLP*