**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>VASCULAR ACCESS CENTERS, L.P.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-17117 (AMC) |
| STEPHEN V. FALANGA, AS CHAPTER 7 TRUSTEE FOR THE DEBTOR'S ESTATE,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT VASCULAR,<br><br>Defendant. | Adv. Proc. No. 21-00113 (AMC) |

**TRUSTEE'S NOTICE OF SETTLEMENT OF AVOIDANCE ACTION**
**PURSUANT TO THE SETTLEMENT PROCEDURES ORDER**

Stephen V. Falanga, in his capacity as chapter 7 trustee (the "Trustee") for Vascular Access Centers, L.P. (the "Debtor"), by and through his undersigned counsel, files this *Notice of Settlement of Avoidance Action Pursuant to the Settlement Procedures Order* (the "Notice") as authorized by the *Order Approving Trustee's Motion for Authority to Settle Classes of Preference Claim Controversies Pursuant Rule 9019(b) of the Federal Rules of Bankruptcy Procedure* [D.I. 1021] (the "Settlement Procedures Order") entered on December 8, 2021 and avers as follows:

1.   As authorized by the Settlement Procedures Order, the Trustee may settle Avoidance Actions with gross amounts demanded greater than or equal to $100,000.00 but less than or equal to $250,000.00 by filing a notice of settlement (a "Notice of Settlement") subject to a twenty-one (21) day objection period. Further, as provided in the Settlement Procedures Order, the notice of electronic filing issued through the Court's Electronic Filing System shall constitute adequate and sufficient service of the Notice of Settlement.

2. On November 24, 2021, the Trustee commenced adversary proceeding 21-00113 (the "Adversary Proceeding") against Abbott Vascular ("Defendant") by filing the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* [Adv. D.I. 1] with the Bankruptcy Court, seeking to avoid and recover alleged preferential transfers in the total amount of $200,231.16 pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code (the "Claims").

3. The Trustee has negotiated a settlement of the Claims (the "Proposed Settlement"). Under the Proposed Settlement, Defendant would pay $10,000 and waive the right under section 502(h) of the Bankruptcy Code to file a proof of claim (or to modify an existing proof of claim) seeking an allowed unsecured claim equal to the Proposed Settlement payment against the Debtor and the Debtor's estate.

4. The Trustee believes that the Proposed Settlement is in the best interest of the creditors taking into account the efficacy of the defenses under sections 547(c)(2) and 547(c)(4) of the Bankruptcy Code raised by the Defendant. Additionally, given the known cost of further pursuing the matter, the Trustee has determined that the net result to creditors would be greater through the Proposed Settlement than through further litigation.

5. Notice of the Proposed Settlement has been provided as required in the Settlement Procedures Order.

6. Absent any objections **on or before December 27, 2023**, the Proposed Settlement shall be deemed approved without any further action of the Trustee or Court.

*[Signature Page Follows]*

Dated: December 6, 2023　　　　　　　　**BAYARD, P.A.**

*/s/ Steven D. Adler*
Steven D. Adler, Esq.
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: sadler@bayardlaw.com

*Proposed Counsel to Stephen V. Falanga
in his Capacity as Chapter 7 Trustee*