IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| VASCULAR ACCESS CENTERS, L.P., | Case No. 19-17117-AMC |
| Debtor. | |

**ORDER AUTHORIZING EMPLOYMENT OF SPECIAL
LITIGATION COUNSEL BY CHAPTER 7 TRUSTEE
EFFECTIVE MARCH 8, 2023**

Upon consideration of the *Application of Chapter 7 Trustee Pursuant to 11 U.S.C. §§ 327 and 328, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rules 2014-1 and 2016-5 for Entry of an Order Authorizing the Retention of Professional Bayard, P.A. as Avoidance Action Counsel Effective March 8, 2023* (the "Application")[1], and upon the Certification of Steven D. Adler, Esquire in support thereof; and it appearing that Bayard, P.A. ("Bayard") is qualified to represent the Chapter 7 Trustee for the estate of the above-captioned debtor, Vascular Access Centers, L.P. (the "Debtor"), as special litigation counsel for the purposes enumerated in the Application; and it appearing that Bayard neither holds nor represents any interest adverse to the Debtor or its estate; and that the employment of Bayard is in the best interest of the Debtor's estate and creditors; and adequate notice of the Application having been provided; and the Court having considered the papers submitted in support of the Application and any opposition thereto, if any; and the Court having determined that good and sufficient cause exists for granting the relief requested in the Application; it is hereby ORDERED that:

1. The Application is granted.

2. The Trustee is hereby authorized to employ Bayard as special counsel effective

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

March 8, 2023 on the terms and conditions set forth in the Application for the purpose of prosecuting and/or compromising and settling certain causes of action under 11 U.S.C. §§ 544, 547, and/or 548 of the Bankruptcy Code, to be delegated to Bayard at the Trustee's sole discretion from time to time (the "Avoidance Actions"), on behalf of the Debtor's estate, as more fully set forth in the Application.

       3.       The terms of Bayard's compensation set forth in the Application are preapproved under 11 U.S.C. § 328(a).

       4.       Bayard shall be entitled to be paid its actual and necessary expenses and its fees on a contingent fee basis in accordance with the terms set forth in the Application.

       5.       This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**It is so Ordered:**

Date: Jan. 5, 2024

_____
The Honorable Ashely M. Chan
United States Bankruptcy Judge