**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>VASCULAR ACCESS CENTERS, L.P.,<br><br>　　　　　Debtor. | Chapter 7<br><br>Case No. 19-17117 (AMC) |
| STEPHEN V. FALANGA, AS CHAPTER 7 TRUSTEE FOR THE DEBTOR'S ESTATE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VASCULAR ACCESS CENTER, LLC AND JAMES F. MCGUCKIN, M.D. (and physician practices owned, run, managed or operated by him),<br><br>　　　　　Defendants. | Adv. Proc. No. 21-00128 (AMC) |
| STEPHEN V. FALANGA, AS CHAPTER 7 TRUSTEE FOR THE DEBTOR'S ESTATE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAMES McGUCKIN, M.D. (and physician practices owned, run, managed or operated by him); BOCHETTO & LENTZ, P.C.; ARTZ MCCARRIE HEALTH LAW LLC,<br><br>　　　　　Defendants. | Adv. Proc. No. 21-00130 (AMC) |
| STEPHEN V. FALANGA, AS CHAPTER 7 TRUSTEE FOR THE DEBTOR'S ESTATE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PHILADELPHIA VASCULAR INSTITUTE, LLC, and JAMES F. McGUCKIN, M.D.,<br><br>　　　　　Defendants. | Adv. Proc. No. 23-00050 (AMC) |

**TRUSTEE'S EXPEDITED MOTION FOR AN ORDER APPROVING ADVERSARY PROCEEDING SETTLEMENTS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Stephen V. Falanga, in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Trustee's settlement of certain avoidance claims and entry into the settlement agreement (the "Settlement Agreement") with Vascular Access Center, LLC ("VAC LLC"), Philadelphia Vascular Institute, LLC ("PVI"), James F. McGuckin, M.D. (and physician practices owned, run, managed or operated by him) ("McGuckin"), and Bochetto & Lentz, P.C ("B&L," and together with VAC LLC, PVI, and McGuckin, the "Defendants"), attached hereto as **Exhibit B**, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's *Order Approving Trustee's Motion for Authority to Settle Classes of Preference Claim Controversies Pursuant to Rule 9019(b) of the Federal Rules of Bankruptcy Procedure* [D.I. 1021] (the "Settlement Procedures Order"). In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. This matter is a "core" proceeding which may be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to Local Rule 9014-3(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court Eastern District of Pennsylvania, the Trustee does consent to the entry of

2

a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

5. The statutory and legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

6. On November 12, 2019, an involuntary chapter 11 petition was filed against the Debtor. The Debtor consented to the relief [D.I. 3] and an order for relief was entered on November 25, 2019 [D.I. 46].

7. On November 22, 2019, William Whitfield Gardner, the Debtor's majority limited partner, filed the *Motion of Majority Limited Partner for Entry of an Order Dismissing the Debtor's Involuntary Chapter 11 Case Pursuant to Section 1112(b) of the Bankruptcy Code, With Prejudice, or, in the Alternative, Appointing a Chapter 11 Trustee Pursuant to Section 1104(a) of the Bankruptcy Code* [D.I. 52].

8. On February 7, 2020, following a hearing on Gardner's motion, the Court issued an opinion and entered an order for the appointment of a chapter 11 trustee [D.I. 235].

9. On February 12, 2020, an order was entered approving the Trustee's appointment as chapter 11 trustee [D.I. 245].

10. On November 24, 2021, the Trustee commenced adversary proceeding 21-00128 against VAC, LLC and McGuckin (the "VAC, LLC Adversary Proceeding") by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 [Adv. D.I. 1] with the Bankruptcy Court, seeking to avoid and recover alleged preferential and fraudulent transfers to, or for the benefit of, VAC,

LLC and McGuckin in the total amount of $260,849 pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code (the "VAC, LLC Avoidance Claims").

11. On November 24, 2021, the Trustee commenced adversary proceeding 21-00130 against B&L and McGuckin (the "B&L Adversary Proceeding") by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 [Adv. D.I. 1] with the Bankruptcy Court, seeking to avoid and recover alleged preferential and fraudulent transfers to, or for the benefit of, B&L and McGuckin in the total amount of $348,078.68 pursuant to sections 544, 547, 548, 549, and 550 of the Bankruptcy Code (the "B&L Avoidance Claims").

12. On June 30, 2023, the Trustee commenced adversary proceeding 23-00050 against PVI and James F. McGuckin, M.D. (the "PVI Adversary Proceeding," together with VAC, LLC Adversary Proceeding and B&L Adversary Proceeding, the "Adversary Proceedings") by filing the Complaint [Adv. D.I. 1] with the Bankruptcy Court for (i) breach of contract; (ii) unjust enrichment/quantum meruit; (iii) conversion; (iv) fraud; (v) negligent misrepresentation; and (v) constructive trust, seeking damages in the amount of approximately $560,000 on account of Paycheck Protection Program funding the Trustee alleges PVI and/or McGuckin wrongfully received and retained (collectively, the "PPP Claims," and together with the VAC, LLC Avoidance Claims and the B&L Avoidance Claims, the "Adversary Proceeding Claims").[1]

13. On December 8, 2021, this Court entered the Settlement Procedures Order, which provides that for any Avoidance Action in which the gross transfers are $250,000 or greater, the

---

[1] For the avoidance of doubt, nothing in the Settlement Agreement shall be construed to waive, release, prejudice or in any way affect the claims asserted in the action styled *Gardner, et al. v. Vascular Access Centers LLC, et al.*, No. 16-000367, pending in the Court of Common Pleas of Delaware County (the "Derivative Action") or any other action other than the Adversary Proceeding Claims.

4

Trustee shall seek Court approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019(a).

14. On March 8, 2023, the Bankruptcy Court entered an order converting bankruptcy case number 19-17117 from a chapter 11 case to a chapter 7 case.

15. On March 9, 2023, the Court issued a notice of appointment of Stephen V. Falanga as the Trustee in this chapter 7 case [D.I. 1258].

16. Prior to and during the Adversary Proceedings, counsel for the Trustee has engaged in settlement discussions regarding the Claims with counsel for Defendants. As a result of such discussions, the Trustee has negotiated a settlement of the Claims via the Settlement Agreement. Under the Settlement Agreement, Defendants would pay or otherwise convey value of $125,000 to the Debtor's estate and waive any and all claims and rights to file claims against the Debtor and the Debtor's estate.

## RELIEF REQUESTED

17. By this motion, the Trustee seeks (i) the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 and (ii) the entry of an order, substantially in form attached hereto as **Exhibit C**, permitting expedited consideration of this Motion.

## BASIS FOR RELIEF

18. Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." In turn, Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

19. When reviewing settlements under Bankruptcy Rule 9019, the court generally defers to the Trustee's business judgment. "[U]nder normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification [for the settlement]." *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996).

20. The Third Circuit Court of Appeals has recognized four factors that bankruptcy courts should consider when deciding whether to approve a settlement: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* at 393.

21. An analysis of the *Martin* factors shows that the Trustee's entry into the Settlement Agreement is a reasonable exercise of the Trustee's business judgment, and the Settlement Agreement should be approved. First, the parties negotiated the Settlement Agreement at arms-length. While the Trustee believes that he has meritorious claims, there is nevertheless attendant risk and cost associated with pursuing such claims and no assurance that the Court would find in favor of the Trustee for all or a significant portion of the amount sought. In light of the foregoing, the Trustee believes the Settlement Agreement represents a reasonable and fair resolution of the estate's Claims when considering the challenges and expense associated with prosecuting the Claims to judgment in light of the defenses asserted. Furthermore, the Court has previously dismissed the Trustee's breach of contract claim in the PVI Adversary Proceeding, and the balance of the Trustee's claims in the PVI Adversary Proceeding are currently the subject of a pending motion to dismiss. Approval of this settlement would moot that motion and result in the resolution of the matter with consideration to the estate.

22. The second *Martin* factor – the likely difficulties in collection – also favors settlement. It is uncertain whether there would be difficulty in collecting any judgment entered against the Defendants; however, the settlement removes any uncertainty of collection since the Defendants furnished the consideration for settlement as a condition of the Settlement Agreement. Based on information conveyed by counsel for Dr. McGuckin as well as other information available to the Trustee, the Trustee has significant concerns about the collectability of any judgment(s) obtained against the defendants in the Adversary Proceedings.

23. Next, the third and fourth *Martin* factors also favor settlement. Settlement will enable the Trustee and the Defendants to save the significant time and expense associated with litigation of the Claims to judgment. In addition, the proposed settlement will result in a substantial cash payment to the Debtor's estate for the benefit of the Debtor's creditors as detailed in the Settlement Agreement, and conclude all remaining unresolved adversary proceedings, setting the stage to permit the Trustee to complete his administration of this bankruptcy case.

## REQUEST FOR EXPEDITED CONSIDERATION

24. A hearing on this Motion is currently scheduled for July 24, 2024. The Trustee is seeking to expedite the hearing on and consideration of this Motion because James F. McGuckin has represented to the Trustee, through counsel, that he requires the Settlement Agreement to be approved in order to close on one or more financing transactions of which time is of the essence, and the proceeds of which Dr. McGuckin has represented will be used, in part, to consummate the Settlement Agreement with the Trustee. Accordingly, expedited consideration of this Motion will facilitate the payment of the settlement payment for the benefit of the estate and its creditors.

25. Prior to the filing of this Motion, the Trustee's counsel sought consent for expedited consideration of this Motion from Defendants' counsel and provided Defendants' counsel with a

copy of this Motion. The parties have agreed to seek an expedited hearing on this Motion at the Court's availability on or after June 26, 2024 and propose an objection deadline to the Motion of June 19, 2024.

26. On June 12, 2024, the Trustee's counsel also provided a copy of this Motion by email to counsel for William Whitfield Gardner and the United States Trustee requesting any objections to expedited consideration be provided before 3:00 p.m. As of the time of this filing, no responses have been received to that email correspondence.

## NOTICE

27. Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel for the Defendants; (iii) the 20 largest unsecured creditors; and (iv) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreement and (ii) enter an order, substantially in form attached hereto as **Exhibit C**, permitting expedited consideration of this Motion.

Dated: June 12, 2024                                   BAYARD, P.A.

*/s/ Steven D. Adler*
Steven D. Adler, Esq.
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: sadler@bayardlaw.com

*Counsel to Stephen V. Falanga in his Capacity as Chapter 7 Trustee*