# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>VASCULAR ACCESS CENTERS, L.P.,<br><br>          Debtor. | Chapter 7<br><br>Case No. 19-17117 (AMC) |
| STEPHEN V. FALANGA, AS CHAPTER 7 TRUSTEE FOR THE DEBTOR'S ESTATE,<br><br>          Plaintiff,<br><br>v.<br><br>VASCULAR ACCESS CENTER, LLC AND JAMES F. MCGUCKIN, M.D. (and physician practices owned, run, managed or operated by him),<br><br>          Defendants. | Adv. Proc. No. 21-00128 (AMC) |
| STEPHEN V. FALANGA, AS CHAPTER 7 TRUSTEE FOR THE DEBTOR'S ESTATE,<br><br>          Plaintiff,<br><br>v.<br><br>JAMES McGUCKIN, M.D. (and physician practices owned, run, managed or operated by him); BOCHETTO & LENTZ, P.C.; ARTZ MCCARRIE HEALTH LAW LLC,<br><br>          Defendants. | Adv. Proc. No. 21-00130 (AMC) |
| STEPHEN V. FALANGA, AS CHAPTER 7 TRUSTEE FOR THE DEBTOR'S ESTATE,<br><br>          Plaintiff,<br><br>v.<br><br>PHILADELPHIA VASCULAR INSTITUTE, LLC, and JAMES F. McGUCKIN, M.D.,<br><br>          Defendants. | Adv. Proc. No. 23-00050 (AMC) |

**ORDER APPROVING ADVERSARY PROCEEDING SETTLEMENTS PURSUANT TO
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon consideration of the motion (the "Motion")[1] filed by Stephen V. Falanga, in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate of the above-captioned debtor (the "Debtor"), for entry of an order approving the Settlement Agreement, attached to the Motion as **Exhibit B**, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9019, and the Settlement Procedures Order [Docket No.1335], and the limited objection to the Motion ("Limited Objection") [Docket No. 1339] filed by William Whitfield Gardner ("Gardner"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor's estate and its creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Settlement Agreement attached to the Motion as **Exhibit B** is hereby approved.

3. Upon the Trustee's receipt of the Settlement Payment or any portion thereof, the Trustee shall pay Bayard, P.A. the first $27,500.00 received ("Bayard Amount"), which is 33% of that portion of the Settlement Payment allocated for the VAC, LLC Avoidance Claims and the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or Settlement Agreement, as applicable.

B&L Avoidance Claims, and is pursuant to the Trustee's approved retention application of Bayard, P.A. *See* D.I. 1330 & 1333.

4. Gardner's lien provided in the Post-Petition Financing Orders (as defined in the Limited Objection) shall attach to 50% of any portion of the Settlement Payment received by the Trustee in excess of the Bayard Amount.[2]

5. Except with respect to the payment of the Bayard Amount, the Trustee will not distribute any received portion of the Settlement Payment, pending further order of the Court.

6. For the avoidance of doubt, the Trustee is only releasing the Debtor's Claims in the Adversary Proceedings pursuant to the terms and conditions of the Settlement Agreement, and nothing in the Settlement Agreement shall be construed to waive, release, prejudice or in any way affect the claims asserted in the action styled *Gardner, et al. v. Vascular Access Centers LLC, et al.*, No. 16-000367, pending in the Court of Common Pleas of Delaware County.

7. The Trustee is authorized to enter into and take all actions necessary to effectuate the Settlement Agreement and the relief granted pursuant to this Order.

8. This Order shall be effective immediately upon entry, notwithstanding anything to the contrary in the Bankruptcy Rules or the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Pennsylvania.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 26, 2024

HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

---

[2] For the avoidance of doubt, the provisions of this Order reflect a compromised resolution of Gardner's Limited Objection. Nothing in this Order shall be construed to waive, prejudice, impair or otherwise affect the validity, extent and/or priority of Gardner's lien pursuant to the Post-Petition Financing Orders, or the parties' respective positions with respect thereto, with all such rights and remedies being expressly reserved.