**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 7 |
| VASCULAR ACCESS CENTERS, L.P., | Case No. 19-17117-AMC |
| Debtor. | |

### <u>TRUSTEE'S NOTICE OF PROPOSED ABANDONMENT OF PROPERTY</u>

**PLEASE TAKE NOTICE THAT**, pursuant to 11 U.S.C. § 554 and Rule 6007 of the Federal Rules of Bankruptcy Procedure, notice is hereby given that Stephen V. Falanga, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the above-captioned debtor, Vascular Access Centers, L.P. (the "Debtor"), proposes to abandon the following Estate property (the "Property"):

The Estate's right, title, and interest in those derivative claims (any such claim a "<u>Derivative Claim</u>" and, collectively, the "<u>Derivative Claims</u>") asserted, or which could be asserted, in the action pending in the Court of Common Pleas of Delaware County, Commonwealth of Pennsylvania, styled *Gardner, et al. v. Vascular Access Centers LLC, et al.*, Case No. 2016-000367.

The Trustee believes that there is little or no equity in the Property for the Estate, the costs of collection or continued litigation, even if attainable, will likely exceed any recovery and the continued preservation of the Property is burdensome to the bankruptcy Estate. The Trustee has explored various alternatives for the disposition of the Derivative Claims, including marketing and sale of the Derivative Claims, litigation funding alternatives, discussions of settlement, and potential assumption of the prosecution of the Derivative Claims by law firms. Notwithstanding these efforts, offers to settle or sell the Derivative Claims have been unsuccessful and the Estate lacks the resources to prosecute the Derivative Claims. Accordingly, while the value of the Derivative Claims is not known, the administration of the Derivative Claims has been and will

continue to be unduly burdensome to the Estate.    Therefore, pursuant to this Notice of Abandonment, the Trustee proposes to abandon the Property.

Pursuant to Fed. R. Bankr. P. 6007(a) and Local Bankruptcy Rule 6007-1(a), any objections to this Notice of Abandonment must be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Suite 400, Philadelphia, PA 19107 and a copy served on the undersigned within fourteen (14) days (the "Objection Deadline") of the date hereof.

If an objection is filed, a hearing will be held before the Honorable Ashely M. Chan, U.S.B.J., on a date and time to be set at least 28 days from the date of this Notice.  If no objections to the Notice of Abandonment are filed with the United States Bankruptcy Court for the Eastern District of Pennsylvania by the Objection Deadline, the abandonment shall take effect on entry by the Clerk of a Certification of No Objection.

The Trustee reserves the right prior to the Objection Deadline or the filing of a Certification of No Objection to withdraw this Notice of Abandonment by filing a separate notice of withdrawal should circumstances warrant.

Dated:  December 27, 2024                WALSH PIZZI O'REILLY FALANGA LLP
                                         *Counsel to the Chapter 7 Trustee*

                              By:    _____
                                     Christopher M. Hemrick (*pro hac vice*)
                                     Peter J. Pizzi
                                     One Liberty Place
                                     1650 Market Street
                                     Philadelphia, PA 19103
                                     Tel: (973) 757-1100 | Fax: (973) 757-1090
                                     chemrick@walsh.law
                                     ppizzi@walsh.law

2