IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| VASCULAR ACCESS CENTERS, L.P., | Case No. 19-17117-AMC |
| Debtor. | |

**TRUSTEE'S NOTICE OF PROPOSED DESTRUCTION OR, ALTERNATIVELY, ABANDONMENT OF PROPERTY**

  **PLEASE TAKE NOTICE THAT**, pursuant to 11 U.S.C. §§ 554 and 105(a) and Rule 6007 of the Federal Rules of Bankruptcy Procedure, notice is hereby given that Stephen V. Falanga, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the above-captioned debtor, Vascular Access Centers, L.P. (the "Debtor"), proposes to destroy the Debtor's remaining Records (as hereinafter defined) wherever located, including, without limitation, all Records currently stored with Iron Mountain, Inc. ("Iron Mountain").

  "Records" shall mean, collectively and without limitation, any and all books, files, documents, correspondence, memoranda, agreements, contracts, reports, ledgers, journals, accounts, invoices, bills, statements, receipts, inventories, work papers, charts, graphs, notes, calendars, appointment books, rolodexes, diaries, photographs, audio recordings, video recordings, computer disks, hard drives, servers, backup tapes, removable media, cloud-stored data, emails, text messages, instant messages, spreadsheets, databases, and any other writings or data compilations of any kind, whether printed, handwritten, typed, stored electronically, magnetically, digitally, optically, or in any other medium, and whether located on-site, off-site, in storage facilities (including, without limitation, all Records stored with Iron Mountain), in vehicles, at third-party premises, or in any cloud-based or remote hosting environment. "Records" shall include, without limitation, all business records of the Debtor including, without limitation, all accounting, tax, financial, operational, personnel, payroll, client, vendor, supplier, and insurance records, regardless of medium or location; and all medical records of the Debtor, or maintained by the Debtor, in the course of its business, including, without limitation, patient files, charts, imaging, treatment notes, prescriptions, billing records, and insurance documentation, in any form or format.

  Continued maintenance of such Records is burdensome to the Estate and the Trustee seeks to destroy the records in order to conclude the Debtor's bankruptcy case. Therefore, pursuant to this Notice, the Trustee proposes to destroy the Debtor's Records. In the event any objections to such destruction are received by the Objection Deadline as set forth below, the Trustee seeks to immediately abandon the Records.

  Based on information from Iron Mountain, there are approximately 150-200 boxes of documents being stored with Iron Mountain. While the Trustee believes based on available information that all or most of the documents at Iron Mountain constitute the Debtor's business records, the Trustee lacks the resources to manually review the Records at Iron Mountain, which

are voluminous. While certain of the boxes do not contain a description of their contents, information from Iron Mountain inventory indicates that some of the documents in storage may be medical charts, Explanation of Benefits (EOB) or other records relating to the business of the Debtor and its subsidiaries. As such, it is possible certain of those documents could qualify as patient medical records. However, based on information from Iron Mountain, the Records stored at Iron Mountain date back from approximately 2009 through 2020. The Debtor maintained an electronic medical record storage system as of the time the Trustee was appointed in this case in 2020. Accordingly, to the extent any of the Debtor's Records are or may be subject to retention requirements under applicable non-bankruptcy law, the Trustee believes all such Records have been retained in excess of any applicable retention period(s), or are stored electronically. Iron Mountain has provided a quote of approximately $6,000.00 to destroy the Debtor's Records being stored with Iron Mountain.

Pursuant to Fed. R. Bankr. P. 6007(a) and Local Bankruptcy Rule 6007-1(a), any objections to this Notice must be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Suite 400, Philadelphia, PA 19107 and a copy served on the undersigned within fourteen (14) days (the "Objection Deadline") of the date hereof.

If an objection is filed, a hearing will be held before the Honorable Ashely M. Chan, U.S.B.J., on a date and time to be set at least 28 days from the date of this Notice. If no objections to the Notice are filed with the United States Bankruptcy Court for the Eastern District of Pennsylvania by the Objection Deadline, the Trustee shall be authorized to destroy the Debtor's Records immediately upon the filing of a Certification of No Objection.

The Trustee reserves the right prior to the Objection Deadline or the filing of a Certification of No Objection to withdraw this Notice by filing a separate notice of withdrawal should circumstances warrant.

Dated: August 13, 2025

WALSH PIZZI O'REILLY FALANGA LLP
*Counsel to the Chapter 7 Trustee*

By: _____
Christopher M. Hemrick (*pro hac vice*)
Peter J. Pizzi
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Tel: (973) 757-1100 | Fax: (973) 757-1090
chemrick@walsh.law
ppizzi@walsh.law

2