**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 7 |
| VASCULAR ACCESS CENTERS, L.P., | Case No. 19-17117-AMC |
| Debtor. | |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF WALSH PIZZI O'REILLY FALANGA LLP, COUNSEL TO STEPHEN V. FALANGA, CHAPTER 7 TRUSTEE OF VASCULAR ACCESS CENTERS, L.P., FOR THE PERIOD FROM AND AFTER MARCH 9, 2023 PURSUANT TO 11 U.S.C. § 330, RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2016**

Walsh Pizzi O'Reilly Falanga LLP ("Walsh"), counsel to Stephen V. Falanga, chapter 7 trustee (the "Trustee") of the bankruptcy estate of Vascular Access Centers, L.P. (the "Debtor"), in accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2016, applies under Section 330 of the Bankruptcy Code for a final award of compensation and reimbursement of actual, necessary expenses, and represents:

**Part A - Preliminary Statement**

1. Walsh was counsel for the Trustee in his capacity as the chapter 7 trustee.[1]

2. All services rendered and expenses incurred for which compensation or reimbursement is requested were performed or incurred for or on behalf of the Trustee.

3. The services described in this first and final application (the "Application") are actual, necessary services and the compensation requested for those services is reasonable.

4. The expenses described in this Application are actual, necessary expenses.

5. Walsh makes this Application for compensation and reimbursement of expenses for the period from and after March 9, 2023 (the "Compensation Period").

---

[1] The Order approving Walsh's retention as counsel to the Trustee is attached hereto as Exhibit A.

**Part B  General Information**

6.   **Period** 03/09/2023 to _____

   Final Application   X_____

   Interim Application   _____

Fees Requested

| | |
|---|---|
| Total Fees | $287,972.50[2] |
| Fees Previously Paid | $0.00 |
| Total Expenses Requested | $0.00 |
| Expenses Previously Paid | $0.00 |
| **Total Requested** | **$287,972.50** |

7.   **General Information**

   - Date case converted to Chapter 7: 03/08/23

   - Date application to approve employment filed:  06/23/23

   - Date employment approved: 07/11/23

   - First date services rendered in the case:  03/09/23

   - Compensation request is under § 330:   X   Yes_____No
       If other statutory basis, specify:  § ____

   - Any fees awarded will be paid from the estate:
       X    Yes   _____No

     If no, state the source of payment of any fee that is awarded.
     _____

8.   **Attorneys Billing for Current Period**

| Name | Admitted | Hours | Billing Rate | Total |
|---|---|---|---|---|
| Christopher Hemrick | 2007 | 501.40 | $450.00 | $225,630.00 |

---

[2] On May 15, 2023, the Court entered an *Order Approving Fourth and Final Application for Compensation and Reimbursement of Expenses of Walsh Pizzi O'Reilly Falanga LLP, Counsel to Stephen V. Falanga, Former Chapter 11 Trustee of Vascular Access Centers, L.P. For The Period of February 12, 2020 through March 8, 2023 Pursuant to 11 U.S.C. § 330, Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2016* for services rendered by Wash to the Trustee prior to conversion of the Debtor's case to chapter 7. The fees and expenses for which Walsh seeks approval in this Application are those incurred for services rendered to the Trustee after conversion of the Debtor's case to chapter 7 on March 8, 2023.

2

| | | | | |
|---|---|---|---|---|
| Eric Padilla | 2018 | 173.10 | $350.00 | $60,585.00 |
| **Grand Total** | | | | **$286,215.00** |

9. **Paralegals Billing for Current Period**

| Name | Hours | Billing Rate | Total |
|---|---|---|---|
| Brianna DePalma | 8.20 | $185.00 | $1,517.00 |
| Mary Hogan | 1.30 | $185.00 | $240.50 |
| **Grand Total** | | | **$1,757.50** |

10. **Billing Rates**

- Are any of the billing rates different than the billing rates set forth in your last application? No
- If yes, indicate whose billings rates are different and explain why?

**SUMMARY OF PROFESSIONAL SERVICES RENDERED
AND EXPENSES INCURRED DURING THE COMPENSATION PERIOD**

11. On March 8, 2023, the Court entered an Order converting this case to one under chapter 7 and Stephen V. Falanga was appointed the Chapter 7 Trustee of the Debtor on that date.

12. Walsh seeks final allowance of compensation for professional services rendered to the Trustee during the Compensation Period in this chapter 7 case in the amount of $287,972.50. In addition, Walsh seeks approval for reimbursement of expenses incurred during the Compensation Period in connection with the rendition of its professional services in this chapter 7 case in the aggregate amount of $0. During the Compensation Period, Walsh attorneys spent a total of 684 hours for which Walsh seeks approval and compensation.

13. Walsh respectfully submits the following summary of services performed during the course of this chapter 7 case. The services rendered were necessary and beneficial to the administration of the Estate and were performed at the direction of the Trustee in furtherance of his statutory duties under 11 U.S.C. §§ 704 and 327.[3]

---

[3] This Application is intended to provide a general overview of the more significant tasks performed by Walsh in connection with the chapter 7 case. To the extent the Court, parties-in-interest, or other stakeholders may have further questions concerning the subject matter of this application or the services Walsh performed during the course of its representation, Walsh reserves the right to

3

14. Walsh has generally served the Trustee in the capacity of bankruptcy counsel, advising the Trustee with respect to legal issues concerning the day-to-day management and administration of the chapter 7 case. In this regard, Walsh expended significant time during the Compensation Period addressing several issues necessary to administer and wind down the Debtor's bankruptcy case. These tasks included, without limitation, (i) analyzing and managing issues relating to the disposition of the Debtor's remaining assets including, most significantly, extensive discussions in an effort to explore and develop potential transaction options for the disposition of the derivative claims (the "Derivative Claims") brought by the Debtor's majority limited partner, William Whitfield Gardner ("Gardner"), and certain other parties, derivatively on behalf of the Debtor, against Vascular Access Centers, LLC ("VAC LLC") and James F. McGuckin, M.D. ("McGuckin") prior to the Petition Date; (ii) analyzing and managing issues relating to the disposition of the Debtor's remaining records; (iii) analyzing and addressing issues attendant to claims by and against the Estate including, without limitation, negotiating and effectuating a resolution to the extent of Gardner's claim against the Estate; (iv) significant time addressing various litigation and avoidance matters relating to the Debtor and its Estate including, without limitation, McGuckin's appeal of the Bankruptcy Court's Order appointing a Chapter 11 Trustee, prosecuting avoidance actions brought on behalf of the Trustee, and addressing requests by governmental entities for documents relating to the Debtor; and (v) analyzing claim and distribution issues for the Trustee's Final Report.

15. Walsh's tasks included preparation of all necessary motions, briefs, applications, orders, reports and other papers in connection with the administration of the Estate, analysis of the Debtor's assets and liabilities, including rights and obligations pursuant to contracts and leases, and substantial communication and correspondence with various constituents and representation with

---

supplement this Application.

respect to the fulfillment of all other powers and duties of the Trustee. Walsh also responded to inquiries from creditors and other parties in interest regarding the status of the Estate and administration, ensured compliance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Rules.

16. The attorneys who have primarily[4] expended time on this matter during the Compensation Period are as follows:

a. Christopher M. Hemrick: Mr. Hemrick is a partner at Walsh and practices primarily in the Firm's Bankruptcy, Reorganization & Creditors' Rights and Business and Commercial Litigation practice groups. Mr. Hemrick has served as the Trustee's primary counsel and has worked closely with the Trustee and counsel for parties-in-interest on all aspects of this case.

b. Eric S. Padilla: Mr. Padilla is an associate at Walsh and practices in the Firm's Bankruptcy, Reorganization & Creditors' Rights and Business and Commercial Litigation practice groups. Mr. Padilla assisted the Trustee and Mr. Hemrick in handling various litigation, transactional and case administration matters.

**Part C Billing Summary**

17. **Description of Services**. Provide adequate detail appropriate for the amount of time billed and the nature and variety of the services rendered.

| TASK CODE | DESCRIPTION | HOURS | FEES |
|---|---|---|---|
| B105 | **Budgeting (Case)** | | |
| B110 | **Asset Analysis and Recovery:** Identification and review of potential assets including causes of action and non-litigation recoveries. | 22.40 | $10,080.00 |
| B115 | **Reporting**: Statement of financial affairs, schedules, monthly operating reports, and any other accounting or reporting activities; contacts with the United States Trustee not included in other categories. | 6.20 | $2,640.00 |
| B120 | **Asset Disposition**: Sales, leases (§ 365 matters), abandonment and related transaction work related to asset disposition. | 86.40 | $35,860.00 |
| B130 | **Business Operations**: Issues related to debtor-in-possession operating in chapter 11 such as employee, vendor, tenant issues and other similar problems. | .30 | $135.00 |
| B140 | **Case Administration**: Coordination and | 192.60 | $84,470.50 |

---

[4] Other professionals of Walsh also assisted the Trustee in connection with the engagement as set forth on the summary contained herein.

| TASK CODE | DESCRIPTION | HOURS | FEES |
|---|---|---|---|
| | compliance activities not specifically covered by another category. | | |
| B150 | **Claims Administration and Objections**: Specific claim inquiries; bar date motions; analyses, objections and allowances of claims. | 28.70 | $11,417.50 |
| B160 | **Employee Benefits and Pensions**: Review and preparation related to employee and retiree benefit issues, including compensation, bonuses, severance, insurance benefits, and 401K, pensions, or other retirement plans. | | |
| B170 | **Employment and Fee Applications**: Preparation of employment and fee applications for self or others; motions to establish interim procedures. | 38.60 | $16,174.00 |
| B180 | **Employment and Fee Application Objections**: Review of and objections to the employment and fee applications of others. | .80 | $360.00 |
| B185 | **Assumption and Rejection of Leases and Contracts**: Analysis of leases and executory contracts and preparation of motions specifically to assume or reject. | | |
| B190 | **Financing and Cash Collateral**: Matters under §§ 361, 363 and 364 including cash collateral and secured claims; loan document analysis. | | |
| B195 | **Non-Working Travel**. | 3.50 | $1,575.00 |
| B200 | **Litigation**: Contested matters and adversary proceedings (not otherwise within a specific project category), each identified separately. | 228.60 | $93,985.50 |
| B210 | **Avoidance Action Analysis**: Review of potential avoiding actions under §§ 544–549 of the Code to determine whether adversary proceedings are warranted. | 75.00 | $30,870.00 |
| B220 | **Meetings and Communications with Creditors**: Preparation for and attendance at § 341(a) meeting and any other meetings with creditors and creditors' committees. | | |
| B230 | **Plan and Disclosure Statement**: Formulation, presentation and confirmation; compliance with the plan confirmation order, related orders and rules; disbursement and case closing activities, except those related to the allowance and objections to allowance of claims. | | |
| B240 | **Relief from Stay and Adequate Protection**: Matters relating to termination or continuation of automatic stay under § 362 and motions for adequate protection under § 361 | | |
| B250 | **Real Estate**: Review and analysis of real estate-related matters, including purchase agreements and lease provisions (e.g., common area maintenance clauses). | | |
| B260 | **Corporate Governance and Board Matters**: | | |

| TASK CODE | DESCRIPTION | HOURS | FEES |
|---|---|---|---|
| | Preparation for and attendance at Board of Directors meetings; analysis and advice regarding corporate governance issues, including trustee, examiner, and CRO issues; review and preparation of corporate documents (e.g., articles and by-laws). | | |
| B270 | **Accounting/Auditing** | .30 | $135.00 |
| B280 | **Business Analysis** | | |
| B290 | **Corporate Finance** | | |
| B295 | **Valuation**: Appraise or review appraisals of assets. | | |
| B300 | **Data Analysis** | | |
| B310 | **Litigation Consulting** | | |
| B320 | **Reconstruction Accounting** | | |
| B330 | **Tax:** Analysis of tax issues and preparation of federal and state tax returns. | .60 | $270.00 |
| B340 | **Other** | | |
| | **TOTAL:** | **684** | **$287,972.50** |

**Detail of Hours Expended**. Set forth in list form or attach a list that shows the name of the professional or paraprofessional, date, activity, and time expended. The list may be organized in either of two ways.

- By each professional or paraprofessional in chronological order for the application period; or

- By day in chronological order showing all professionals or paraprofessionals that billed time on a particular day during the application period.

**See Exhibit B (Itemized Time Entries from and after March 9, 2023), attached hereto.**

\* \* \* \* \* \* \*

Category Reporting. If category reporting of time expended is required under L.B.R. 2016-3(c), only categories for which services were rendered during the period covered by the application should be included. A separate Description of Services and Detail of Hours Expended shall be provided for each category.

## **Part D Expense Summary**

18. Set forth in list form or attach a list that shows the type of expenses for which reimbursement is sought. For each type of expense either

   a. State the amount of the expense that is calculated using the applicant's in-house actual cost or the actual amount billed by a third-party provider, or

   b. Explain how the amount of the expense is calculated.

WHEREFORE, Walsh requests (a) an Order awarding Walsh, on a final basis, **$287,972.50** in compensation and **$0.00** in reimbursement of actual, necessary expenses during the Compensation Period (the "Fee Award"); and (b) an Order authorizing the payment of the Fee Award, on a final basis.

**WALSH PIZZI O'REILLY FALANGA LLP**

Date: December 16, 2025

By: _____
Christopher M. Hemrick (*pro hac vice)*
Eric S. Padilla (*pro hac vice*)
Peter J. Pizzi
WALSH PIZZI O'REILLY FALANGA LLP
One Liberty Place
1650 Market Street
Ph: 973.757.1100 | F: 973.757.1090
ppizzi@walsh.law
chemrick@walsh.law
epadilla@walsh.law