**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

VASCULAR ACCESS CENTERS, L.P.,
*Debtor*

Chapter 7

No. 19-17117-AMC

**APPLICATION OF ALLIED WORLD SPECIALTY
INSURANCE COMPANY FOR AUTHORIZATION TO ENTER
INTO STIPULATION AUTHORIZING
ALLIED WORLD SPECIALTY INSURANCE COMPANY TO
PAY CERTAIN DEFENSE COSTS UNDER DEBTOR'S
DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICY**

Allied World Specialty Insurance Company ("Allied World"), which issued a directors and officers liability insurance policy (the "D&O Policy") to Debtor, Vascular Access Centers, L.P. (the "Debtor"), hereby submits this application (the "Application") pursuant to section 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 9013-3 for authorization to enter into the proposed Stipulation Modifying the Automatic Stay and Authorizing Payment of Defense Costs to Counsel (the "Stipulation"), agreed to by Walsh Pizzi O'Reilly Falanga, LLP ("Walsh Pizzi"), on behalf of itself and Stephen V. Falanga, Chapter 7 Trustee (the "Trustee") for the Debtor, and Faegre Drinker Biddle & Reath LLP ("Faegre Drinker") on behalf of itself and Vascular Access Center Bolivar County, LLC, to allow Allied World to pay Defense Costs as set forth therein under the D&O Policy. Allied World, Walsh Pizzi, the Trustee, and Faegre Drinker are collectively referred to herein as the "Parties." In support of this Application, Allied World respectfully submits as follows:

330147487v.2
330147487v.2

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Section 105(a) and 362(d)

of the Bankruptcy Code and Local Bankruptcy Rule 9013-3.

## Relief Requested

4.      On November 12, 2019 (the "Petition Date") an involuntary petition was filed

against the Debtor under chapter 11 of the Bankruptcy Code.

5.      On February 12, 2020, the Court entered an Order approving the appointment of

Stephen V. Falanga as Chapter 11 Trustee of the Debtor.

6.      On or about March 15, 2022, the Adversary Proceeding styled *David Cohen, M.D.*

*v. Vascular Access Center, L.P., et al;* Adversary Proceeding No. 21-00021-amc (the "Adversary

Proceeding") was filed in this court by David Cohen, M.D. against the Debtor and certain of the

Debtor's non-debtor subsidiaries, Vascular Access Center Memphis, LLC ("VAC of Memphis")

and Vascular Access Center Bolivar County, LLC ("VAC of Bolivar") (The Debtor and its non-

debtor subsidiaries are collectively referred to herein as the "VAC Entities" or the "Insureds"), and

other non-debtor parties, including Philadelphia Vascular Institute, LLC ("PVI").

7.      On March 8, 2023, the Bankruptcy Court entered an order converting the Debtor's

bankruptcy from a chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

8.      On March 9, 2023, the Court issued a notice of appointment of Stephen V. Falanga

as the Trustee in the Debtor's chapter 7 case.

9.      The Debtor and the other VAC Entities were insured under ForceField℠ Healthcare Organizations Management Liability Package Policy No. 0308-4088 to Vascular Access Centers LP for the Policy Period of June 17, 2019 to June 17, 2020 [the D&O Policy]. The D&O Policy provides a limit of liability of $1,000,000 under the Directors and Officers Liability Coverage Section ("D&O Coverage Section") subject to a $50,000 **Retention** for each and every **Claim**[1]. Pursuant to the terms of the Policy, the $50,000 Retention must be paid by the **Insured** before the Policy will pay any **Loss**, including **Defense Costs**.

10.      At the time the Adversary Proceeding was filed, Allied World agreed to pay certain **Defense Costs** for the Debtor and the other VAC Entities under the D&O Policy for their defense in the Adversary Proceeding.

11.      On July 21, 2023, the Debtor filed a motion to dismiss the Adversary Proceeding.

12.      On August 10, 2023, VAC of Bolivar filed a motion to dismiss the Adversary Proceeding.

13.      On November 29, 2023, the Court granted the above motions to dismiss the Adversary Proceeding, which was dismissed and terminated in its entirety on December 14, 2023 and no appeal was taken.

14.      Faegre Drinker, on behalf of VAC of Bolivar, and Fox Rothschild and Walsh Pizzi, on behalf of the Debtor, incurred **Defense Costs.**

15.      Allied World has agreed to pay the following **Defense Costs**, which Allied World believes exceed the Retention:

---

[1] The terms that appear in bold are terms that are defined in the Policy.

a. $5,425.00 to Fox Rothschild LLP ("Fox Rothschild"), which Allied World

assigned as defense counsel and initially represented the interests of the Debtor

in the Adversary Proceeding prior to Walsh Pizzi;

b. $41,827.00 to Walsh Pizzi on behalf of the Debtor.

16. The Adversary Proceeding has since been dismissed and there are no ongoing

Defense Costs being incurred and Allied World has sought entry of this Stipulation as a condition

of payment of certain Defense Costs.

17. By this Application, the Parties seek authority, pursuant to sections 105(a) and

362(d) of the Bankruptcy Code and Local Bankruptcy Rule 9013-3, to enter into this Stipulation,

which would allow Allied World to pay **Defense Costs** as referenced therein under the D&O Policy

subject to the terms and conditions set forth in the Stipulation.

WHEREFORE, Allied World respectfully requests that the Court enter the proposed

Stipulation attached hereto as Exhibit A.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ *Jesse M. Endler*

Jesse M. Endler
PA ID Nos. 200622
Two Commerce Square
2001 Market Street - Suite 3100
Philadelphia, PA 19103
215-627-6900
ATTORNEYS FOR ALLIED WORLD
SPECIALTY INSURANCE COMPANY

Date:  March 4, 2026

330147487v.2
330147487v.2