# EXHIBIT "A"

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  VASCULAR ACCESS CENTERS, L.P., *Debtor* | Chapter 7  No. 19-17117-AMC |

## STIPULATION MODIFYING THE AUTOMATIC STAY AND AUTHORIZING PAYMENT OF DEFENSE COSTS TO COUNSEL

Allied World Specialty Insurance Company ("Allied World"), Walsh Pizzi O'Reilly Falanga, LLP ("Walsh Pizzi"), on behalf of itself and Stephen V. Falanga, Chapter 7 Trustee (the "Trustee") for the debtor, Vascular Access Centers, L.P. (the "Debtor"), and Faegre Drinker Biddle & Reath LLP ("Faegre Drinker"), on behalf of itself and Vascular Access Center Bolivar County, LLC, hereby stipulate and agree (the "Stipulation") as follows:

WHEREAS, on November 12, 2019, an involuntary petition was filed against the Debtor for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor consented to the relief [Dkt. No. 3] and an Order for relief was entered on November 26, 2019. [Dkt. No. 46].

WHEREAS, on February 7, 2020, the Bankruptcy Court issued an Opinion and entered an Order for the appointment of a chapter 11 trustee [Dkt. No. 235].

WHEREAS, on February 12, 2020, Stephen V. Falanga, Esq. was appointed as Chapter 11 Trustee in this case [Dkt. No. 245].

WHEREAS, on March 8, 2023, the Court entered an Order converting this Case to one under Chapter 7 and Stephen V. Falanga was appointed the Chapter 7 Trustee of the Debtor on March 9, 2023. [Dkt. No. 1257-58].

WHEREAS, on or about March 15, 2022, the Adversary Proceeding styled *David Cohen, M.D. v. Vascular Access Center, L.P., et al;* Adversary Proceeding No. 21-00021-amc (the "Adversary Proceeding") was filed in this court by David Cohen, M.D. against the Debtor and certain of the Debtor's non-debtor subsidiaries, Vascular Access Center Memphis, LLC ("VAC of Memphis") and Vascular Access Center Bolivar County, LLC ("VAC of Bolivar") (The Debtor and its non-debtor subsidiaries are collectively referred to herein as the "VAC Entities" or the "Insureds"), and other non-debtor parties, including Philadelphia Vascular Institute, LLC ("PVI"). In the Amended Complaint, Dr. Cohen alleged that he was previously employed by PVI, an affiliate of the Debtor, to provide interventional radiology services at VAC of Memphis and VAC of Bolivar and that, although he was paid his base compensation, PVI breached its obligations under the Agreement by failing to pay productivity incentive bonuses per the terms of the Agreement, and that the VAC Entities were also liable for the alleged payments due.

WHEREAS, the Debtor and the other VAC Entities were insured under ForceField℠ Healthcare Organizations Management Liability Package Policy No. 0308-4088 to Vascular Access Centers LP for the Policy Period of June 17, 2019 to June 17, 2020 (the "Policy"). The Policy provides a limit of liability of $1,000,000 under the Directors and Officers Liability Coverage Section ("D&O Coverage Section") subject to a $50,000 **Retention** for each and every **Claim**[1]. Pursuant to the terms of the Policy, the $50,000 Retention must be paid by the **Insured** before the Policy will pay any **Loss**, including **Defense Costs**.

---

[1] The terms that appear in bold are terms that are defined in the Policy.

WHEREAS, at the time the Adversary Proceeding was filed, Allied World agreed to pay certain **Defense Costs** for the Debtor and the other VAC Entities under the Policy for their defense in the Adversary Proceeding.

WHEREAS, on July 21, 2023, the Debtor filed a motion to dismiss the Adversary Proceeding.

WHEREAS, on August 10, 2023, VAC of Bolivar filed a motion to dismiss the Adversary Proceeding.

WHEREAS, on November 29, 2023, the Court granted the above motions to dismiss the Adversary Proceeding, which was dismissed and terminated in its entirety on December 14, 2023 and no appeal was taken.

WHEREAS, Faegre Drinker, on behalf of VAC of Bolivar, and Walsh Pizzi, on behalf of the Debtor, incurred **Defense Costs.** Allied World applied certain of those Defense Costs toward the Policy's $50,000 Retention as follows: Wash Pizzi - $12,189.50; Faegre Drinker - $37,810.50. Faegre Drinker and VAC of Bolivar reserve all rights with respect to the foregoing.

WHEREAS, Allied World has agreed to pay the following **Defense Costs**, which Allied World believes exceed the Retention:

- $5,425.00 to Fox Rothschild LLP ("Fox Rothschild"), which was assigned defense counsel from Allied World and initially represented the interests of the Debtor in the Adversary Proceeding prior to Walsh Pizzi;
- $41,827.00 to Walsh Pizzi on behalf of the Debtor.

WHEREAS, the Adversary Proceeding has since been dismissed and there are no ongoing Defense Costs being incurred and Allied World has sought entry of this Stipulation as a condition of payment of certain Defense Costs.

3

**STIPULATION**

NOW, THEREFORE, in consideration of the foregoing recitals, it is hereby stipulated, consented, and agreed to by and among the Parties effective upon the Court's approval of this Stipulation that:

1. Allied World is permitted to pay $5,425.00 in **Defense Costs** incurred by the law firm of Fox Rothschild for the defense of **Insureds** under the Policy.[2]

2. Allied World is authorized and directed to pay $41,827.00 in **Defense Costs** incurred by the law firm of Walsh Pizzi for the defense of the Debtor under the Policy, which payment shall be final, non-refundable, and not otherwise subject to claims of claw-back or repayment by Allied World.[3]  The payments to Fox Rothschild and Walsh Pizzi are collectively referred to herein as the "**Defense Cost** Payments."

3. To the extent necessary, the automatic stay triggered by the commencement of the bankruptcy filing shall be modified to permit Allied World to issue the **Defense Cost** Payments, which Defense Cost Payments Allied World be and is hereby authorized to pay directly to Fox Rothschild and Walsh Pizzi, respectively, as reimbursement for each firm's respective Defense Costs on behalf of the Debtor.

4. Allied World and its administrators, partners, principals, predecessors, successors, parents, subsidiaries, assigns, affiliates, directors, agents, employees, adjusters, and representatives (the "Allied World Parties"), and Walsh Pizzi and its members, managers, predecessors, successors, parents, subsidiaries, assigns, affiliates, agents, representatives (the "Walsh Pizzi

---

[2] The Trustee and VAC of Bolivar take no position on the Defense Costs incurred by Fox Rothschild but does not object to Allied World making this payment.

[3] VAC of Bolivar takes no position on the Defense Costs incurred by Walsh Pizzi but does not object to Allied World making this payment.

4

Parties") hereby release each other of and from any and all claims and liability whatsoever arising out of, in connection with, or relating to the **Defense Costs** paid to Walsh Pizzi pursuant to this Stipulation.

5.      Faegre Drinker, on behalf of itself and VAC of Bolivar, consent only to the payment of Defense Costs as set forth above, and do not agree or consent to any other fact or circumstance set forth in this Stipulation. For the avoidance of doubt, Faegre Drinker, on behalf of itself and VAC of Bolivar, expressly reserve all rights and remedies with respect to the Policy, the Retention, and (with the exception of the payments of Defense Costs authorized and/or directed under this Stipulation) past or future Defense Cost claims or payments.

6.      The Allied World Parties and Faegre Drinker and its members, managers, predecessors, successors, parents, subsidiaries, assigns, affiliates, agents, representatives (the "Faegre Drinker Parties") hereby reserve all rights relating to the Adversary Proceeding, the **Insureds'** request for coverage under the Policy, and **Defense Costs** incurred in defense of the Adversary Proceeding.

7.      Except for the payment of Defense Costs pursuant to the terms of this Stipulation, this Stipulation is without prejudice to the rights of any party with respect to the Policy, all of which are expressly reserved.

8.      This Stipulation does not modify or alter any provision of the Policy.

9.      This Stipulation may be executed in counterparts.  Scanned, image, or facsimile signatures shall have the same force and effect as originals.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By: _____
    Jesse M. Endler

**ATTORNEYS FOR ALLIED WORLD
SPECIALTY INSURANCE COMPANY**

_____
**STEPHEN V. FALANGA
CHAPTER 7 TRUSTEE**

**WALSH PIZZI O'REILLY FALANGA LLP**
*On behalf of itself and as counsel for Stephen V. Falanga, Chapter 7 Trustee*

By:_____
    Christopher M. Hemrick

**FAEGRE DRINKER BIDDLE & REATH LLP**
*On behalf of itself and as counsel for Vascular Access Center Bolivar County, LLC*

By: /s/ Joseph N. Argentina, Jr._____
    Joseph N. Argentina, Jr.

SO ORDERED BY THE COURT:

Dated: _____ , 2026             _____
                                        HONORABLE ASHELY M. CHAN
                                        UNITED STATES BANKRUPTCY JUDGE